309 F.2d 721
 Clifford BEAL, d/b/a Gulf Coast Auto Supply, owner of the MOTORBOAT JACSANJIL, Appellant,
v.
Larry WALTZ, a minor, by his mother and next friend Noncetta M. Ringwood and Noncetta M. Ringwood, Individually, Appellees.
 No. 19481.
 United States Court of Appeals Fifth Circuit.
 November 7, 1962.
 
 Edward N. Fay, Jr., W. Robert Mann, Bradenton, Fla., Dewey R. Villareal, Jr., Tampa, Fla., for appellant.
 Alan R. Schwartz, Miami, Fla., T. Paine Kelly, Jr., Tampa, Fla., for appellees.
 Before JONES and BELL, Circuit Judges and ESTES, District Judge.
 GRIFFIN B. BELL, Circuit Judge.
 
 
 1
 Suit was filed in state court to recover damages for personal injuries sustained by Larry Waltz, a minor, in the explosion of the motorboat JACSANJIL, and for consequential damages to his mother. Appellant moved for summary judgment in December of 1959 and after argument in January and March 1960 the court reserved ruling.
 
 
 2
 Meanwhile, on January 22, 1960 appellant, shipowner, filed a petition in the United States District Court for exoneration from or limitation of liability pursuant to the provisions of the Limitation of Liability Act. Title 46 U.S.C.A. §§ 181-195. See also Rules in Admiralty and Maritime Cases 51-54, Title 28 U.S. C.A.[1] His prayer was for an injunction "restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained from the casualty aforesaid, and arising out of, occasioned by, or consequent upon the said explosion and fire * * * and the commencement or prosecution hereafter of any suit, action or legal proceeding of any nature or description whatsoever, except in the present proceeding, against the petitioner * * *"
 
 
 3
 In an ad interim stipulation appellant represented to the court as follows:
 
 
 4
 "Whereas, the petitioner, Clifford Beal, doing business as Gulf Coast Auto Supply, wishes to prevent the further prosecution of all proceedings which may have been instituted against the said petitioner or against the said motorboat Jacsanjil, and the commencement or prosecution hereafter of any and all claims, suits, actions, and proceedings of any nature or description whatsoever in any and all Courts except in this proceeding, * * *"
 
 
 5
 Thereupon the court issued its order on June 14, 1960 for monition reciting that claims had been made against appellant and the boat and ordering that monition issue against all claimants citing them to file their claims by a date certain, and that notice of the monition be published. This was subsequently done. The injunction of the court was entered on the same day in the following terms:
 
 
 6
 "Ordered, that the further prosecution of any pending actions, suits, or legal proceedings in any Court whatsoever, and the institution and prosecution of any suits, actions, or legal proceedings of any nature or description whatsoever in any Court wheresoever except in this proceeding for Exoneration from or Limitation of Liability, against the petitioner in respect of any claim arising out of or connected with the explosion on the said Jacsanjil on or about October 8, 1958, be and the same are hereby, stayed and restrained until the hearing and determination of this proceeding * *" Waltz, having attained his majority, filed his own answer contesting the right of appellant to exoneration and limitation of liability, and also filed a claim for damages in the amount of Three Hundred Thousand Dollars. He did not seek modification of the restraining order of the district court so as to continue the prosecution of his suit in the state court.
 
 
 7
 No further action was taken by either party in the state court. However, on February 17, 1961, some eleven months after the last hearing in the state court and over a year after the institution of the limitation proceeding by appellant, and over eight months after the entry of the injunction by the district court, the state court entered a final summary judgment in favor of appellant sua sponte. The district court, upon motion of Waltz, restrained appellant from relying on or otherwise attempting to assert the state court judgment in the pending action in the district court.
 
 
 8
 Appellant then moved the court to modify its injunction so as to allow him to plead the state court judgment as res judicata in the limitation proceeding. This appeal followed the denial of that motion. Our jurisdiction is based on Title 28 U.S.C.A. § 1292(a) (1). Pershing Auto Rentals, Inc. v. Gaffney, 5 Cir., 1960, 279 F.2d 546.
 
 
 9
 Appellant seeks the advantage of the state court judgment despite having obtained the order of the district court enjoining the further prosecution of that action. His claim is based on the proposition that the state court had the right to enter the judgment sua sponte since the federal and state courts had concurrent jurisdiction. The state court judgment, he argues, was therefore proper and valid and res judicata of the issue of liability in the limitation proceeding.
 
 
 10
 To sustain this position would be to condone appellant claiming any benefit forthcoming from the state court while at the same time being able to disavow any adverse judgment. Appellant attempts to buttress this untenable position by urging reversal to prevent appellee having another opportunity to claim damages in view of his loss in the state court.
 
 
 11
 Appellee asserts the last sentence in Title 46 U.S.C.A. § 185 in substantiation of his position, which, after providing for the petition for limitation of liability, states:
 
 
 12
 "Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."
 
 
 13
 He relies on the case of Providence & New York Steamship Company v. Hill Manufacturing Company, 1883, 109 U.S. 578, 3 S.Ct. 379, 27 L.Ed. 1038, where it was made clear that a limitation proceeding in the Federal Court superseded the prosecution of claims for the same losses and injuries in other courts. The court there said that the state court should be notified of the petition in the Federal Court, and the showing here is that this was done by publication. In view of our holding it will not be necessary to decide whether notice by publication was sufficient, if notice was in fact required.
 
 
 14
 We are faced with the converse of the usual situation where a claimant seeks to leave the limitation proceeding to prosecute his claim in another forum under the Savings to Suitors Clause of Title 28 U.S.C.A. § 1333. See Pershing Auto Rentals, Inc. v. Gaffney, supra, for a full discussion of the instances where, as well as the conditions upon which the limitation proceeding injunction may be modified for this purpose. 3 Benedict on Admiralty, Knauth 6 Ed., §§ 491, 492; Gilmore and Black, The Law of Admiralty, 1957 Ed., §§ 10-16 through 10-19. The claimant here made no move to leave the limitation court after having been put there by the shipowner. This is the reverse of the coin.
 
 
 15
 In Langnes v. Green, 1931, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, it was pointed out that the shipowner was free to invoke the jurisdiction of the Federal District Court in a limitation proceeding, and that any question regarding a claimant being allowed to proceed elsewhere to obtain a jury trial was not one of jurisdiction, it being complete, but of discretion.[2] And, the court said:
 
 
 16
 "The term `discretion' denotes the absence of a hard and fast rule * * * When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result."
 
 
 17
 The district court, having jurisdiction in the limitation action on the petition of appellant, was required to and did exercise its discretion in denying the motion of appellant to modify the injunction so as to take advantage of the state court judgment. There was no equity in the position of appellant. He could not successfully claim the right in the Federal limitation proceeding to restrain claimant in the state court suit, and still obtain the advantage of the litigation there, particularly in view of the acquiescence of appellee. As the Court pointed out in Lake Tankers Corporation v. Henn, 1957, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246, there is no privilege in the limitation act for the shipowner other than limitation of liability. It is not to be transformed, as appellant seeks to do, from a protective instrument into an offensive weapon. There was no abuse of discretion by the district court.
 
 
 18
 Appellant also argues that the injunction violated the provisions of Title 28 U.S.C.A. § 2283, which provides that a Federal Court may not stay proceedings in a state court. This statute excepts those cases where a stay has been expressly authorized by an Act of Congress as was the case here. See Toucey v. New York Life Insurance Company, 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100; and Providence & New York Steamship Company v. Hill Manufacturing Company, supra.
 
 The judgment is
 
 19
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 For the history and purpose of the Act, see British Transport Co. v. United States, 1957, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234; and 3 Benedict on Admiralty, Knauth 6th Ed., §§ 476-478
 
 
 [2]
 In Ex parte Green, 1932, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 it was necessary to reassert the jurisdiction of the Federal Court when the claimant in Langnes v. Green, having been authorized to proceed in the state court, put in issue the right of the shipowner to limitation of liability under the Federal Act