Bette POOLE et al., Appellants,

v.

Ross R. BARNETT, Individually and as Governor of the State of Mississippi, et al., Appellees.

No. 21196.

United States Court of Appeals Fifth Circuit.

Sept. 18, 1964.

Rehearing Denied Nov. 17, 1964.

Arthur Kinoy, William M. Kunstler, New York City, Leland H. Rayson, Tinley Park, Ill., John M. Pratt, New York City, for appellants.

Robert G. Nichols, Jr., Jack Travis, Jr., Thomas H. Watkins, E. W. Stennett, Jackson, Miss., for appellees.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM:

This is an appeal from a denial by the district court of appellants' petition for a temporary injunction enjoining the appellees, officers of the state of Mississippi and the city of Jackson, Mississippi, from arresting or prosecuting the appellants and members of the class they represent, under the willful and malicious trespass law, and the interference with divine worship law of the state of Mississippi.

The suit was filed originally as a plenary federal action under 42 U.S.

C.A. § 1983,[1] asserting that the officials of the city of Jackson, acting through their Commission, Mayor and police officers, were enforcing a policy of maintaining segregated attendance at the churches in the city of Jackson. Although three of the appellants had already been arrested and charged with willful or malicious trespass under Section 2406 of the Mississippi Code,[2] and for willfully disturbing religious worship under Section 2090 of the Mississippi Code,[3] the action was not primarily intended to interfere with or interrupt the prosecution of the cases of the said three appellants, but sought to prevent further arrests under these statutes in circumstances where the members of the Negro race, by themselves or in company with white persons, sought to enter and worship in the churches of Jackson, Mississippi, without interference by the police.

This appeal was argued before the Court in February. In view of the fact that the United States Supreme Court had under consideration several cases dealing with arrests of persons of the class here before the court for violation of state trespass statutes on account of race, we deferred a decision in the case until the Supreme Court indicated whether it would rule on a controlling point of law affecting this case. Those cases have now been decided by the Supreme Court. See Griffin et al v. State of Maryland, 84 S.Ct. 1770; Barr et al v. City of Columbia, 84 S.Ct. 1734; Bouie et al v. City of Columbia, 84 S.Ct. 1697; Bell et al v. State of Maryland, 84 S.Ct. 1814; Robinson et al v. State of Florida, 84 S.Ct. 1693. In these cases the Court pretermitted the constitutional question whether enforcement by police officers of the city of a policy of racial segregation voluntarily adopted by the owner of property, constitutes state action such as would fall within the prohibition of the Fourteenth Amendment to the United States Constitution. The Court has, therefore, not decided that the mere fact that a private owner of property which for some purposes he holds generally open to the public, but for reasons of his own decides to maintain in a segregated status, receives the assistance of the local police officers to arrest trespassers on his property constitutes state action.

In this state of the law, we can not hold that the trial court erred in denying the preliminary injunction. Factual matters of significance were left unresolved because of the nature of the proceedings below. These can best be resolved upon a full hearing of the case.

The judgment is affirmed.

1. "§ 1983. Civil action for deprivation of rights
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. "§ 2406. Trespass—wilful or malicious, punished.
"Any person who shall be guilty of a wilful or malicious trespass upon the real or personal property of another, for which no other penalty is prescribed, shall, upon conviction, be fined not exceeding five hundred dollars, or imprisoned not longer than six months in the county jail, or both."

3. "§ 2090. Disturbance of worship—proceedings and penalty.
"If any person shall wilfully disturb any congregation or persons lawfully assembled for religious worship, he may be immediately arrested by any officer or private person, without warrant, and taken before any justice of the peace of the county, present or convenient, and on conviction thereof by such justice or in the circuit court, shall be fined not more than five hundred dollars or imprisoned not more than six months, or both."