Lee F. **DILWORTH** et al., Appellants,

v.

**T. N. RINER,** Owner of Tom's Restaurant, et al., Appellees.

No. 22008.

United States Court of Appeals
Fifth Circuit.

March 18, 1965.

Melvin Zarr, New York City, Henry M. Aronson, R. Jess Brown, Jackson, Miss., Michael Meltsner, New York City, Harold H. Greene, Atty., Dept. of Justice, Washington, D. C., Jack Greenberg, New York City, for appellants.

C. R. Bolton, Tupelo, Miss., Robert D. Patterson, Aberdeen, Miss., for appellees. Burke Marshall, Asst. Atty. Gen., H. M. Ray, U. S. Atty., Harold H. Greene, Peter S. Smith, Bernard J. Haugen, Attys., Dept. of Justice, Washington, D. C., for the United States as amicus curiae.

Before BROWN and BELL, Circuit Judges and HUNTER, District Judge.

GRIFFIN B. BELL, Circuit Judge.

This appeal is from the denial of a temporary restraining order by the District Court. It was sought under a complaint filed by eighteen Negro citizens on September 22, 1964. The complaint was based on activity which occurred on September 5, 1964. The appeal presents a question of first impression under the Civil Rights Act of 1964, i. e., whether the Act constitutes congressional authorization for the staying of state prosecutions by federal courts. The question is presented within the context of 28 U.S.C.A. § 2283, in pertinent part as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, * * *."

On September 5, 1964 appellants requested service in Tom's Restaurant in Aberdeen, Mississippi. Their purpose in going to the restaurant was to enforce their right of access to places of public accommodation under the Civil Rights Act of 1964. They were told by the waitress that they would only be served in that section of the restaurant reserved for Negroes. They refused to go to that section and were thereupon requested to leave. Upon their refusal to leave, they were arrested by city police and a deputy sheriff, and incarcerated. They were charged with having refused to leave premises after having been requested to do so in violation of § 2087.5 of the Mississippi Code, a crime of the breach of the peace type, and were to be tried therefor in the Justice of the Peace Court in Aberdeen.

This action was instituted against the Monroe County sheriff and deputy sheriff, the Chief of Police of Aberdeen, the judge and prosecuting attorney of the court in which the charges were pending, and the owner of the restaurant. The relief sought included prayers for a temporary restraining order enjoining the further prosecution of appellants, their trial being set for October 7, 1964, and for a permanent injunction against the withholding of their right under Title II of the Civil Rights Act of 1964 to the accommodations of the restaurant. The District Court was of the view that it was proscribed in the premises by § 2283, supra, and denied the temporary restraining order after a full hearing. It was stipulated during the hearing, for the purposes of the motion, that Tom's Restaurant was a place of public accommodation subject to the Civil Rights Act. And the evidence was clear that the sit-ins in question were peaceable. Thereafter, and after notice of appeal to this court, an informal agreement was reached between the parties that prosecution of appellants would be withheld pending the appeal.

Two issues, to be discussed *seriatim*, are presented for decision. First, it is urged that the order denying the temporary restraining order is non-appealable and hence this court is without jurisdiction. The second involves the merits, whether the District Court was empowered to issue a temporary restraining

order, assuming that it was otherwise warranted. This latter issue involves not only the inhibitions of § 2283, but the additional contention that the requested restraining order was barred by the rules of comity. Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L. Ed. 1324.

## I.

■ The issue necessarily preliminary is whether the order here complained of is appealable. The request for relief was framed in terms of a temporary restraining order. It went only to the question of the prosecutions. The relief directed to acquiring public accommodation rights, in the form of a prayer for permanent injunction, was not considered at the hearing on the motion for temporary relief. The motion before us was referred to by the parties and the court as a motion for temporary restraining order. This terminology is to be distinguished from interlocutory orders such as those granting or denying preliminary injunctions which are appealable. 28 U.S.C.A. § 1292(a) (1); Deckert v. Independent Share Corp., 1941, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed.2d 189; Stell v. Savannah-Chatham County Board of Education, 5 Cir., 1963, 318 F.2d 425. And while a temporary restraining order as such is not appealable, there is respectable authority for the proposition that the appealability of an order does not necessarily depend upon the terminology used by the parties or the court, but upon the substance of the proceeding below. Western Union Telegraph Co. v. United States & Mexican Trust Company, 8 Cir., 1915, 221 F. 545, 553; Connell v. Dulien Steel Products, 5 Cir., 1957, 240 F.2d 414, 418, (rule recognized but not applied).

■■ It is urged that the substance of the proceedings below was to deny a preliminary injunction and not merely to deny a temporary restraining order. It is true that a temporary restraining order is generally issued ex parte or after a hearing of a summary character. Connell v. Dulien Steel Products, supra; 7 Moore, Federal Practice, pp. 1642–1643;

3 Federal Practice and Procedure, Barron and Holtzoff, Wright Ed., § 1432. There are two practical reasons for not allowing an appeal from such an order. Under Rule 65(b), F.R.Civ.P., such an order expires not later than twenty days after issuance during which time an appeal is not normally feasible; and the trial judge has not normally had the advantage of a hearing on the facts and the applicable law. Orderly procedure requires that the trial judge be permitted to pass on the question presented before his decision is reviewed by a higher court. Connell v. Dulien Steel Products, supra; Pan American World Airlines v. Flight Engineers International Association, 2 Cir., 1962, 306 F.2d 840, 842–843; and see 3 Federal Practice and Procedure, supra, § 1440. As Professor Wright noted in § 1432, where the opposing party has notice of the application for a temporary restraining order, " * * * such order does not differ functionally from a preliminary injunction, * * "

■ In the Dulien Steel Products case the order was issued on the day the complaint was filed and after only a summary hearing. Here the District Court held a full scale hearing on the third day after the filing of the complaint. Five witnesses for appellants and three for appellees testified, and the court heard argument of counsel before denying the request for the temporary restraining order. It was in substance and result a hearing on and the denial of a preliminary injunction, and we treat the order as such and hence as appealable under 28 U.S.C.A. § 1291.

Another valid ground of appealability of the order is the fact that the result of the denial of the relief sought by appellants was to immediately send them to trial in the state court. Thus their substantial rights, the nature of which will be discussed hereinafter, were determined in a manner that would have rendered their federal cause of action moot, and the denial of the relief sought may be equated with a *pro tanto* dismissal of the complaint. This is the rationale of United States v. Wood, 5 Cir., 1961,

295 F.2d 772, 778, certiorari denied, 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9; and Woods v. Wright, 5 Cir., 1964, 334 F.2d 369, 372–374. See also Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, where the Supreme Court approved a practical construction of § 1291.

## II.

The next questions to be determined go to the merits. Does Title II of the Civil Rights Act of 1964, the public accommodations section of the Act, constitute the requisite express authorization for a federal court to enjoin the prosecution in a state court of conduct limited to claiming rights under the Act? Title II consists of §§ 201 through 207.

The right which appellants were attempting to secure arose under § 201(a) of the Act:

"All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

Section 201(b) (2) includes restaurants. § 203(c) provides:

"No person shall * * * punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 201 * * *."

Section 204(a) provides:

"Whenever any person has engaged * * * in any act or practice prohibited by Section 203, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved * * *."

Section 207(a) vests jurisdiction of such actions in the District Courts of the United States.

■ However, before going further, we must dispose of the contention of appellees that the Civil Rights Act would not serve to avoid the state prosecutions for the reason that the prosecutions were unrelated to the rights being claimed under the Act. This argument proceeds on the theory that the assertion or claim of accommodation rights by appellants had ended upon the refusal of the waitress to serve them, and that it was their duty then to enforce their rights in court and not through the medium of self-help by remaining in the restaurant. This precise contention was disposed of by the Supreme Court in Hamm v. City of Rock Hill, 1964, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, a case decided subsequent to the entry of the order in the instant case, where the Supreme Court stated that " * * * non-forcible attempts to gain admittance to or to remain in establishments covered by the Act, are immunized from prosecution, * * *."

■■ We come then to the question of whether the Act constitutes express authorization for the injunctive relief. We begin with the proposition that § 2283 does not require that an exception to it refer specifically to § 2283. Amalgamated Clothing Workers v. Richmond Brothers, 1955, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600.[1] Nor do we believe that the language of the authorizing statute need refer to the subject matter of federal stays of state court proceedings.

1. Section 2283 is the successor to § 5 of the Act of March 2, 1793, 1 Stat. at L. 335, Chap. 22, which provided that no writ of injunction might be granted on the part of Federal courts to stay proceedings in any state court. This section was later amended to make an exception for proceedings in bankruptcy. 36 Stat. at L. 1162, Chap. 231. The provision, as amended, was carried forward as § 720 of the Revised Statutes (1874), § 265 of the Judicial Code (1911), and as 28 U.S.C.A. § 379 (1940). Section 2283 resulted from the revision of the Judicial Code in 1948. 62 Stat. 968. The history of the section together with the exceptions which had been statutorily or judicially created to it are fully discussed by

By way of analogy, in Beal v. Waltz, 5 Cir., 1962, 309 F.2d 721, we followed the Supreme Court decision of Providence & New York Steamship Company v. Hill Manufacturing Company, 1883, 109 U.S. 528, 3 S.Ct. 379, 27 L.Ed. 1038, in construing 46 U.S.C.A. § 185 as authorizing a federal court to enjoin state court proceedings. That section, having to do with petitions to the federal District Courts for limitation of liability in admiralty proceedings, provides simply that upon compliance with the requirements of the section " * * * all claims and proceedings against the [vessel] owner * * * shall cease." We there gave effect to the stay of a state court civil proceeding. The statutory purpose sought to be achieved under the limitation of liability statute required no less.

Of course the express authorization required by § 2283 must clearly appear but we are of the opinion that § 203(c) of the Act meets the test. We begin with the fact that §§ 201(a–e) and 203–207 of Title II of the Act have been held constitutional. Heart of Atlanta Motel, Inc. v. United States, 1964, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258; Katzenbach v. McClung, 1964, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed. 290. Section 201(a) provides the right claimed in the restaurant. Section 203(c) provides the right to be free from punishment for claiming the § 201(a) right. Section 204(a) provides for the injunction. As heretofore noted, the Act was specifically applied to abate state court prosecutions of the type here involved. Hamm v. City of Rock Hill, supra. The right to public accommodations on a non-discriminatory basis is a federal right the claim to which, Congress has said, shall not be the subject matter of punishment. There is nothing in this express interdiction which could be construed as meaning that appellants may be punished by prosecution in a state trial court so long as they may later vindicate their right not to be punished in a state appellate court or in the United States Supreme Court. They may simply not be punished and prosecution is punishment.

 The federal court may take jurisdiction where punishment by way of prosecution is attempted, if the sit-ins were peaceable or nonforcible and in a restaurant covered by the Act. § 207(a). Appellants for purposes of the hearing below met these conditions. Thus it is that we hold these provisions of the Civil Rights Act to constitute express authorization within the meaning of § 2283 for a federal District Court to stay state courts prosecutions when the injunction would be otherwise appropriate. This gives effect to the federal right, which we read the Act as conferring, of not being prosecuted in the first instance for claiming rights under the Act.[2]

### III.

 The sole remaining reason given by appellees as to why the District Court was correct in not having granted the temporary restraining order is based on the general rule of non-interference by federal courts with state criminal proceedings as enunciated in Douglas v. City of Jeannette, supra. That decision rests on the principle of comity between state

the Supreme Court in Toucey v. New York Life Insurance Company, 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100; and Amalgamated Clothing Workers of America v. Richmond Brothers, supra; and in our cases of Jacksonville Blow Pipe Company v. Reconstruction Finance Corp., 5 Cir. 1957, 244 F.2d 394; and T. Smith & Son, Inc. v. Williams, 5 Cir., 1960, 275 F.2d 397.

2. A reason of some persuasion offered by the United States in an amicus brief for reading an exception into § 2283 is that it does not apply where the United States is a party. Leiter Minerals, Inc. v. United States, 1957, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267. See also United States v. Wood, supra. Since § 204 (a) of the 1964 Act provides for the intervention of the Attorney General in cases of the type under consideration, it would follow that Congress intended an exception to § 2283 in all cases. We need not rely on this argument to reach our conclusion.

and federal courts in view of the dictates of federalism, and the fact that rights would not otherwise be lost because the federal right involved in the state court proceeding may be ultimately reviewed by the Supreme Court.[3] However, as was noted in Fay v. Noia, 1963, 372 U.S. 391, 425, 83 S.Ct. 822, 9 L.Ed.2d 837, 861, and in United States v. Wood, supra, 295 F.2d at p. 779, the policy against interference with state criminal proceedings is simply a rule of comity, not of statutory derivation and it is " * * * not a rule distributing power as between the state and federal courts * * *." Fay v. Noia, supra. It is a rule to which there may be exceptions based on genuine and irretrievable damage. See Denton v. City of Carrollton, Georgia, 5 Cir., 1956, 235 F.2d 481. Morrison v. Davis, 5 Cir., 1958, 252 F.2d 102, cert. den., 356 U.S. 968, 78 S.Ct. 1008, 2 L.Ed.2d 1075, treated threatened prosecutions for claiming civil rights as being in this category of damage.[4] It is also a rule that may be abrogated by the Congress, and we hold that it was abrogated by the enactment of Title II of the 1964 Civil Rights Act. Section 207(a) of the Act provides:

> "The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this subchapter and shall exercise the same without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law."

This provision, together with §§ 203(c) and 204(a), plainly abrogates the comity rule with respect to injunctions against state proceedings brought to punish those who peaceably assert their rights under Title II.

Neither Poole v. Barnett, 5 Cir., 1964, 336 F.2d 267, or Baines v. City of Danville, 4 Cir., 1964, 337 F.2d 579, is contrary to the conclusions we have reached. The Poole case did not involve unlawful action on the part of the state officers under the federal law as it existed at that time, the opposite of the case here. Baines involved 42 U.S.C.A. § 1983, a part of the Civil Rights Act of 1871, which merely confers a broad and general grant of equity jurisdiction. That Act, unlike § 203(c) of the 1964 Act, created no right of the type here involved, the right to be free from punishment for peaceably claiming the right to equal public accommodation, the existence of which right is no longer open to conjecture. Hamm v. City of Rock Hill, supra.

We hold then that neither § 2283 nor any rule of comity were impediments to the grant of the injunctive relief sought.[5] The legal standard thus applied by the District Court having been incorrect, the order denying the relief sought must be vacated so that the matter may be reconsidered by the District Court.

Judgment vacated; case remanded for further proceedings not inconsistent herewith.

**3.** This ground for affirmance is urged over and above § 2283. We have treated that section as not going to jurisdiction but as being an affirmation by Congress of the rules of comity developed for our dual system of courts. T. Smith & Son, Inc. v. Williams, supra; and see Moore, Commentary on the Judicial Code, § .03(49), pp. 407–410, 1949.

**4.** In the Morrison case, as in Douglas v. City of Jeanette, supra, an injunction was sought against threatened prosecutions, rather than against prosecutions already commenced in the state courts. Therefore, § 2283 itself was not applicable, see American Houses v. Schneider, 3 Cir., 1954, 211 F.2d 881, 44 A.L.R.2d 1352, and the only question was whether the injunction should be withheld on grounds of comity.

**5.** The injunctive remedy which we here recognize as having been established by Congress is in addition to the remedy afforded by removal of similar state court prosecutions under 28 U.S.C.A. § 1443(1). In either instance, the prosecutions are abated forthwith if the right to be free from punishment under § 203 (c) is established. This right in turn depends on the right of equal access to public accommodations conferred by § 201 (a) and arises when the right has been peaceably or non-forcibly asserted. See Rachel v. State of Georgia, 5 Cir., 342 F.2d 336, March 5, 1965.