**CITY OF CHESTER**

**v.**

**William ANDERSON et al., Appellants.**

**COMMONWEALTH OF PENN-SYLVANIA,**

**v.**

**William ANDERSON et al., Appellants.**

**Nos. 15014, 15015.**

United States Court of Appeals
Third Circuit.

Argued April 23, 1965.

Decided May 10, 1965.

Rehearing Denied July 13, 1965.

Biggs, Chief Judge, and Kalodner and Freedman, Circuit Judges, dissented on rehearing.

Anthony G. Amsterdam, Philadelphia, (Caleb Foote, Philadelphia, Pa., on the briefs), for appellants.

Philip A. McMunigal, Jr., City Sol., City of Chester, Chester, Pa. (Lawrence H. Jacobson, Asst. City Sol., City of Chester, on the briefs), for appellee City of Chester.

Vram Nedurian, Jr., Asst. Dist. Atty., Media, Pa. (Jacques H. Fox, Dist. Atty., Domenic D. Jerome, First Asst. Dist. Atty., Paul R. Sand, Asst. Dist. Atty., Media, Pa., on the briefs), for appellee Commonwealth of Pa.

Before McLAUGHLIN, STALEY and SMITH, Circuit Judges.

PER CURIAM.

These cases concern petitions for removal based on alleged violations of civil rights under 28 U.S.C. § 1443(1) and (2).[1] In this court appellants abandoned their theory that "by reason of public hostility, precipitous trial and other circumstances attending the state prosecutions, defendants could not obtain a fair trial in the state courts."

Appellants' claim under § 1443(2) is without foundation on its face. As stated in People of State of New York v. Galamison, 342 F.2d 255, 264 (2 Cir. 1965), cert. den., 85 S.Ct. 1342, April 26, 1965.

"A private person claiming the benefit of § 1443(2) *' * * must point to some law that directs or encourages him to act in a certain manner, not merely to a generalized constitutional provision that will give him a defense or to an equally general statute that may impose civil or criminal liability on persons interfering with him."

Admittedly appellants cannot come within § 1443(1) unless they have been denied or cannot enforce their alleged "federally protected equal civil rights in the state courts * * *." No showing has been made by appellants to that effect. Galamison, supra, pp. 266, 267; Rachel v. State of Georgia, 342 F. 2d 336, 340 (5 Cir.1965).

The order of remand will be affirmed.

On Petition for Rehearing

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, STALEY, GANEY, SMITH and FREEDMAN, Circuit Judges.

PER CURIAM.

Rachel v. State of Georgia, 342 F.2d 336 (5 Cir. 1965), petition for certiorari filed 33 U.S.L. Week 3376 (5/15/65), was cited in our opinion in this case because there a claim was stated which was properly removable under Section 1443(1). In Rachel the petitioners were allegedly engaged in activities specifically protected by the 1964 Civil Rights Act and so within a law providing for equal civil rights under the removal statute. People of State of New York v. Galamison, 2 Cir., 342 F.2d 255, 268, cert. den. 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965); see also Peacock v. City of Greenwood, Mississippi, 5 Cir. 1965, 347 F.2d 679.

In the appeals before us appellants assert that the First Amendment, protecting freedom of speech, is a law covering equal civil rights. They therefore contend that prosecutions resulting from their alleged exercise of that Constitutional guarantee are removable under Section 1443. Galamison does soundly hold removal in these circumstances is improper under Section 1443

---

1. "§ 1443. Civil rights cases
"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
"(1) Against any person who is denied or cannot enforce in the courts of

such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

(2). Galamison also plainly and rightly states that removal sought on the basis of freedom of speech is not within the " * * * laws providing for 'equal' civil rights to which § 1443 is confined. * * * Congress thus recognized the existence of a special body of laws providing for *equal* rights distinguishable from the universal protections of the Constitution. It was these *equal* rights laws, which had been referred to in the removal section as enacted in 1866 and were carried forward into the Revised Statutes, that furnished a basis for removal." Galamison, supra, 342 F.2d pp. 266–268. Nothing now presented on behalf of appellants validly controverts this. See also Peacock v. City of Greenwood, Mississippi, supra.

On the question involved Galamison stands strong and straight as before. The effect if any of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed. 2d 22 (1965) on Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L. Ed. 1324 (1943) is here irrelevant.

The petition for rehearing is without merit and will be denied.

BIGGS, Chief Judge (dissenting).

The appellants' petition on its face states adequate grounds for removal of the State Court prosecutions to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. § 1443(1). I agree with the position expressed by Chief Judge Tuttle in Rachel v. State of Georgia, 342 F.2d 336 (5 Cir. 1965), *petition for cert. filed,* 33 U.S.L. Week 3376 (5/15/65), that a state prosecution is removable to a United States district court where state statutes have been applied discriminatorily as alleged here. As I read the decision of the Court of Appeals for the Second Circuit in People of State of New York v. Galamison, 342 F.2d 255, *cert. denied,* 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965), relied on in the opinion of this court, no issue arising under Section 1443(1) was adjudicated. On the contrary the Second Circuit Court of Appeals, by way of dictum, took a broad view in respect to

the reach of Section 1443(1), indicating that it might be applicable under circumstances such as those presented by the instant case. See 342 F.2d at 271–272.

Moreover, the recent decision of the Supreme Court in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), seems to have sapped the strength of the reasoning of the Galamison decision. Cf. 342 F.2d at 269. See also Dilworth v. Riner, 343 F.2d 226 (5 Cir. 1965).

The appeals at bar present questions of great public importance and have not been decided heretofore by this court. The decision reached by this court seems erroneous. For the reasons stated I must respectfully dissent from the order denying rehearing before the court en banc.

I am authorized to state that Judge KALODNER and Judge FREEDMAN join in this dissent.