**COMMONWEALTH ex rel. Leonard M. ARNOLD, Petitioner,**

**v.**

**Edward J. HENDRICKS, Superintendent of Philadelphia Prisons, Pennsylvania, Respondent.**

**Misc. No. 3660.**

United States District Court
E. D. Pennsylvania.

Aug. 31, 1967.

Leonard M. Arnold, in pro. per.

No appearance for respondent.

## MEMORANDUM AND ORDER SUR PETITIONER'S MOTIONS FOR REMOVAL AND TO STAY STATE PROCEEDINGS.

JOHN MORGAN DAVIS, District Judge.

On April 17, 1967, the Petitioner was apprehended by the Philadelphia Police, and placed under arrest. The next day, he was arraigned before a magistrate and charged with transporting stolen property into Pennsylvania, possession and uttering worthless money orders, and as a criminal fugitive from Georgia and Kansas. He was ordered held in lieu of bail.

A motion has been subsequently filed with this Court in which the petitioner seeks removal of the State criminal proceeding to the Federal Courts. Jurisdiction of this Court is allegedly based on the following Statutes: [1]

28 U.S.C.A. section 1339, Postal matters; 28 U.S.C.A. section 1343, Civil rights and elective franchise; 28 U.S.C. A. section 1441, Actions removable generally; 28 U.S.C.A. section 1443, Civil rights cases.

Since the first three statutes pertain solely to civil actions and do not confer any criminal jurisdiction upon the District Court,[2] this discussion will be re-

---

[1]. "Jurisdiction" is also alleged under 28 U.S.C.A. section 1446, and under 42 U.S. C.A. section 1985. But since the former is simply an implementation of section 1443, and the latter statute creates a cause of action for money damages for interference with civil rights, neither of which are applicable here, no further

consideration will be given as possible bases for establishing jurisdiction of this Court.

[2]. The statutes, in relevant part, are as follows:
28 U.S.C.A. section 1339: "The district courts shall have original jurisdiction of any *civil* action arising under any Act

stricted to analysis of the validity of petitioner's claim under section 1443 of the Judicial Code, which authorizes removal from the State courts in criminal prosecutions, if one is denied or cannot enforce in the State courts any law providing for equal civil rights of citizens.[3]

Here, the Petitioner contends that his civil rights as guaranteed by the 4th, 5th, 6th and 14th Amendments have been infringed by the following actions pursuant to the State proceeding, as follows:

1. Indigents and minority groups cannot enforce Constitutional rights in the courts of Pennsylvania.

2. Petitioner's motion to suppress evidence, allegedly filed in May 1967, was "withdrawn" on advice of appointed counsel, and a continuance granted to permit counsel to familiarize himself with the case, notwithstanding that the motion as originally prepared and filed by the petitioner was "in order".

3. Over 40 days have elapsed since the original hearing on motion to suppress was filed, but no additional hearing has been granted. Moreover, petitioner's appointed counsel has not been in communication, either personally or by letter.

4. The Commonwealth of Pennsylvania knowingly and willingly obtained fraudulent indictments of forgery; consequently, at a further hearing on May 17, 1967, the charges were amended by the prosecution to "uttering a worthless instrument".

5. The Commonwealth has not responded to petitioner's request for a transcript of the proceedings at the preliminary hearing.

6. Letters sent to a friend were "turned over" to the police.

7. Detention Center personnel refused to permit the petitioner to send letters via special delivery or certified mail, but only by first-class mail.

8. Packages sent to petitioner have not been received.

9. The Commonwealth has agreed to dismiss local charges if petitioner would waive extradiction to Georgia or Missouri.

10. Petitioner was not permitted to attend a subsequent hearing on the motion to suppress evidence. Also, the Voluntary Defenders substituted counsel, and have made no real effort to conduct his defense.

■ Before removal can be granted, section 1443 of the Judicial Code requires that the petitioner demonstrate that the "right" which he contends has been infringed, is a "right under any law providing for * * * equal civil rights", and that he has been denied or cannot enforce that right in the State court. State of Georgia v. Rachel, 384 U.S. 780, 788, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). A broad contention of infringement of rights guaranteed by the Due process Clause of the 14th Amendment, or any other provision of general application available to all persons or citizens, rather than a law which seeks to further racial equality, does not constitute sufficient grounds for removal under section 1443. State of Georgia v. Rachel, supra, at 384 U.S. p. 792, 86 S.Ct. 1783. A similar conclusion was reached in People of State of New York v. Galamison, 342 F.2d 255,

---

of Congress relating to the postal service."

28 U.S.C.A. section 1343: "The district courts shall have original jurisdiction of any *civil* action authorized by law to be commenced by any person * * *"

28 U.S.C.A. section 1441 "* * * any *civil* action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed * * *" (emphasis added).

**3.** Under this statute, removal is authorized in criminal prosecutions, for: (1)

"* * * any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law."

269, 271 (2nd Cir. 1965) and cited with approval in *Rachel*:

> § 1443 "applies only to rights that are granted in terms of equality, and not to the whole gamut of Constitutional rights \* \* \*." "When the removal statute speaks of 'any law *providing for equal rights*,' it refers to those laws that are couched in terms of equality, such as the historic and the recent civil rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights \* \* \* "

■■ Since the petitioner has based his allegations of discrimination solely upon the general Constitutional provisions which establish essential rights upon *all* persons, removal under section 1443 of the Judicial Code is not available as a remedial device for the harm which will allegedly transpire if the' State action is permitted to continue. In City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), it was made clear that removal under section 1443 is not available merely upon an allegation or even a showing that a defendant's "equal rights" have been illegally and corruptly denied by State administrative officials in advance of trial; that the charges against the defendant were false; or that the defendant is unable to obtain a fair trial in a state court. All of the petitioner's allegations clearly fall into this category.

■ Relief under section 1443 is available only when some hostile State legislation is shown to exist which interferes with a party's right to an adequate defense. State of New Jersey v. Weinberger, 38 F.2d 298 (3rd Cir., 1930). The showing of denial of a speedy and just trial, Hill v. Pennsylvania, 183 F. Supp. 126 (W.D.Pa.1960), or the use of allegedly illegally obtained evidence, Poore v. State of Ohio, 243 F.Supp. 777 (N.D.Ohio, 1965) is not sufficient to warrant removal under the statute relied upon by the petitioner. This Circuit has recently reiterated this limitation upon the application of section 1443 to situations calling for universal protection of the Constitution, as in the instant case. City of Chester v. Anderson, 347 F.2d 823 (3rd Cir. 1965).

Consequently, there is no reason to entertain petitioner's motion, subsequently submitted to this Court, to stay the State proceeding, during the pendency of this action.

Petitioner's motions for removal, and for stay of the State criminal proceeding are therefore denied. It is so ordered.