**UNITED STATES of America ex rel. Leonard E. JORDAN**

v.

**MONTGOMERY COUNTY COURT, NORRISTOWN, PENNSYLVANIA.**

Civ. A. No. 43555.

United States District Court
E. D. Pennsylvania.

Oct. 10, 1967.

---

Leonard E. Jordan, in pro. per.
No appearance filed for respondent.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Petitioner seeks rehearing of his request to file and proceed in forma pauperis in an action for *removal* of a criminal prosecution on the ground that he is being denied effective assistance of counsel on appeal. While this may be the basis of a petition for a writ of habeas corpus, such relief is not sought here. Indeed, petitioner admits that this remedy is not sought because he knows that a habeas corpus petition will be denied for failure to exhaust state remedies. So petitioner seeks to circumvent the law by bombarding the court with frivolous petitions for removal.

As stated in the original order, "removal" is inoperative here. The removal statute provides for the removal of a state criminal prosecution to the federal court when the accused is "denied or cannot enforce in the courts of such State a right under any *law* providing for the *equal* civil rights of citizens * * *." 28 U.S.C.A. § 1443(1) (Emphasis added). It has been held that the equal protection clause of the Fourteenth Amendment constitutes a "law" providing for equal civil rights; but that the due process clause is not such a law providing for *equal* civil rights within the contemplation of the removal statute. Peacock v. City of Greenwood, 347 F.2d 679 (5th Cir. 1965) revd. on other grounds 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1965). Furthermore, it is the view of the Supreme Court of the United States that not every violation of the equal protection clause justifies removal; rather only those violations involving discrimination based on race. In State of Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1965), the Supreme Court concluded: " * * * that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." It should be noted here that the Third Circuit ruled along these lines even before the definitive ruling of the Supreme Court. City of Chester v. Anderson, 347 F.2d 823 (3rd Cir. 1965). Petitioner's claim of ineffectiveness of counsel, on its face, in no way falls within the racial discrimination contemplation of the removal statute.

Finally, as stated in the original order, Petitioner's request comes too late. Petition for removal must come before trial.

28 U.S.C.A. § 1446(c). Congress eliminated post-judgment removal when it enacted § 641 of the Revised Statutes of 1874.

For the reasons stated above, Petitioner's request for leave to file and proceed in forma pauperis in petitioning this Court for rehearing in the above matter is denied.