DAVID COUNTS, UNITED STATES DISTRICT JUDGE
BEFORE THE COURT is Plaintiff Empower Texans, Inc.'s Motion for Temporary Restraining Order-treated as a Motion for Preliminary Injunction. (Doc. 2). After due consideration, the Court determines it lacks jurisdiction over this case. Accordingly, the Court DENIES Plaintiff's Motion and DISMISSES Plaintiff's Complaint. Id. The Court DENIES all other pending motions as MOOT .
I. FACTUAL BACKGROUND
Plaintiff is a non-profit corporation with the "principal purpose of educating and inspiring Texans to exercise effective citizenship." (Doc. 2 at 2). "Using research, reporting, and advocacy, [Plaintiff] empowers *964 taxpayers to advocate for good governance and to hold their elected officials accountable." Id. Plaintiff uses mail, email, and social media to spread its message to Texas citizens. Id.
On January 26, 2018, Plaintiff filed an assumed name certificate with the Texas Secretary of State for the name "Texas Ethics Disclosure Board." Id. According to Plaintiff, there is no public servant or public office called the Texas Ethics Disclosure Board. Id.
Subsequently, Plaintiff created notices that it sent to voters in Tarrant County, Texas regarding the 2018 Republican Primary. Id. The notices featured the Texas Ethics Disclosure Board name and listed a Post Office box owned by Plaintiff as the return address. (Docs. 1-2 at 2-3; 2 at 2; 12-1).
The notices identified State Representative Charles L. Geren and Mindy R. Ellmer, who the notices classified as a lobbyist and Representative Geren's spouse. Id. The notices state:
This notice from the Texas Ethics Disclosure Board is directed to voters in HOUSE DISTRICT 99 concerning a candidate for office who must disclose a relationship with a registered lobbyist pursuant to Tex. Gov't Code § 572.0531.
Id. Further, the notices warn that obstructing the delivery of the notices could result in a fine and imprisonment under 18 U.S.C. § 1702. Id. The notices also list "Clients and Compensation" that Plaintiff believes Representative Geren should have disclosed to voters. Id.
After distributing the notices, members of the media notified Plaintiff about a complaint filed by a Tarrant County voter with the Travis County District Attorney's Office. (Doc. 2 at 2). The complaint alleged that Plaintiff's notices and use of the name Texas Ethics Disclosure Board constituted a violation of Texas Penal Code § 37.11.[1] Id. News articles quote Mindy Montford, First Assistant District Attorney for Travis County, as stating the complaint is "under review." (Docs. 12-1 at 1-2, 9; 12-2 at 3).
Plaintiff filed its Complaint and Motion for Temporary Restraining Order on February 28, 2018. (Docs. 1, 2). Plaintiff seeks to continue using the Texas Ethics Disclosure Board name, but fears prosecution under § 37.11. (Doc. 2 at 2-3). Plaintiff claims violations of its First and Fourteenth Amendment rights and contends the "fear of prosecution has had a chilling effect on Plaintiff's speech, causing Plaintiff damages." Id. at 1, 3. Accordingly, Plaintiff seeks to enjoin Defendants Laura A. Nodolf, District Attorney for Midland County, Texas; Margaret Moore, District Attorney for Travis County, Texas; Sharen Wilson, Criminal District Attorney for Tarrant County, Texas; and Ken Paxton, Attorney General of Texas, from initiating investigations or prosecutions of Plaintiff under § 37.11. Id. at 5. Each Defendant filed a motion to dismiss the Complaint asserting various arguments. (Docs. 10, 13, 14, 15).
The Court held a hearing on Plaintiff's Motion for Temporary Restraining Order on March 14, 2018. (Doc. 9); (See Tr.). After ensuring that each party received *965 adequate notice of the hearing, the Court treated the application for the temporary restraining order as an application for a preliminary injunction. See Dilworth v. Riner , 343 F.2d 226, 229 (5th Cir. 1965) (citation omitted) (where an opposing party has notice of the application for a temporary restraining order, such order does not differ functionally from a preliminary injunction). Each party presented oral arguments and Dustin Matocha, Plaintiff's Executive Vice President, testified. (Tr. at 24-47).
II. LEGAL STANDARD
"Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statute." Empower Texans, Inc. v. Tex. Ethics Comm'n , A-14-CA-172-SS, 2014 WL 1666389, at *2 (W.D. Tex. Apr. 25, 2014) (citing Kokkonen v. Guardian Life Ins. Co. of Am. , 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ). "Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction." Id. (citations omitted).
"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' " Susan B. Anthony List v. Driehaus , 573 U.S. ----, 134 S.Ct. 2334, 2341, 189 L.Ed.2d 246 (2014). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.' " Id. (quoting Lujan v. Defenders of Wildlife , 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ). "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. (quoting Lujan , 504 U.S. at 560, 112 S.Ct. 2130 ) (internal quotation marks omitted).
III. DISCUSSION
"[A] plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.' " Susan B. Anthony List , 134 S.Ct. at 2341 (quoting Babbitt v. United Farm Workers Nat. Union , 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) ). Plaintiff does not meet the injury-in-fact requirement because Plaintiff does not demonstrate that its intended conduct is proscribed by Texas Penal Code § 37.11, or that a credible threat of prosecution exists.
1. Plaintiff's Intended Future Conduct Is Affected with a Constitutional Interest Because Plaintiff Intends to Engage in Political Speech.
When a political organization intends to engage in political speech, the organization's conduct is "certainly 'affected with a constitutional interest.' " Id. at 2344 (quoting Babbitt , 442 U.S. at 298, 99 S.Ct. 2301 ). Here, Plaintiff intends to continue sending notices concerning Texas political candidates under the name Texas Ethics Disclosure Board. (Doc. 2 at 2-3). Plaintiff intends to engage in future political speech and, therefore, Plaintiff's intended conduct is certainly affected with a constitutional interest.
2. There Is No Indication that Plaintiff's Intended Future Conduct Is Arguably Proscribed by Texas Penal Code § 37.11.
Plaintiff contends, "none of Plaintiff's activities under the name Texas Ethics *966 Disclosure Board in any way violates Texas Penal Code § 37.11." Id. at 3. The Court acknowledges that Plaintiff is not required to confess that it will violate the law in order to challenge the constitutionality of the law. See Susan B. Anthony List , 134 S.Ct. at 2345 (citing Babbitt , 442 U.S. at 301, 99 S.Ct. 2301 ). However, in this case, the Court can only identify one person who suggests that Plaintiff's intended future conduct is proscribed by § 37.11-the Tarrant County voter who filed the complaint with the Travis County District Attorney's Office.
Turning to Defendants' arguments, Defendants do not confirm or deny that § 37.11 proscribes Plaintiff's intended conduct. (Tr. at 69). Instead, Defendants state only that the Tarrant County voter's complaint is "under review." Id. In fact, during the hearing, no party suggested that Plaintiff's intended future conduct could arguably be proscribed by § 37.11. Id. at 8, 31-36, 62-84. At this point, no Texas governmental entity has filed an indictment, made a threat, commenced an official investigation, contacted Plaintiff, or even expressed an official or unofficial opinion that Plaintiff's conduct is proscribed by the statute. Id. at 31-36. Accordingly, the only government action that Plaintiff can cite as "chilling" its First Amendment speech is that a District Attorney's Office is "reviewing" a private citizen's complaint.
The Court reviews other cases for guidance. In Susan B. Anthony List , the challenged statute clearly covered the subject of petitioners' intended speech. See 134 S.Ct. at 2344.[2] Further, a government commission held a hearing and found probable cause to believe that petitioners' speech violated the challenged statute. Id. In the instant case, § 37.11 does not necessarily apply to Plaintiff's use of the name Texas Ethics Disclosure Board, and no governmental entity has expressed an opinion on this matter.
In Steffel , police officers threatened to arrest petitioner for distributing handbills protesting the Vietnam War. Steffel v. Thompson , 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In the case before the Court, the Government has not threatened action-or taken any step other than to review a citizen's complaint-against Plaintiff. (Doc. 2 at 2).
In Babbitt , the law "on its face proscribe[d] dishonest, unartful, and deceptive publicity." 442 U.S. at 302, 99 S.Ct. 2301. Although the plaintiffs did not plan to propagate untruths, they admitted "erroneous statement is inevitable in free debate." Id. at 301, 99 S.Ct. 2301. In the instant case, Plaintiff adamantly contends its intended conduct is not proscribed by § 37.11, and at this point, only one Tarrant County voter disagrees. (Doc. 2 at 3); (Tr. at 8).
In American Booksellers , the booksellers challenged a statute that read, " '[i]t shall be unlawful for any person ... to knowingly display for commercial purpose in a manner whereby juveniles may examine and peruse' visual or written material that 'depicts sexually explicit nudity, sexual conduct or sadomasochistic abuse and which is harmful to juveniles.' "
*967 Virginia v. Am. Booksellers Ass'n, Inc. , 484 U.S. 383, 386, 108 S.Ct. 636, 98 L.Ed.2d 782 (1988). At trial, the booksellers introduced books they believed to be covered by the statute and testified that the law might apply to around half of their inventory. Id. at 390-91, 108 S.Ct. 636. The Court held it was not troubled by the pre-enforcement nature of the suit because the plaintiffs alleged "an actual and well-founded fear" that the law would be enforced against them. Id. at 393, 108 S.Ct. 636.
In these cases, at least one party to the lawsuit established that the challenged statute proscribed, or at least arguably could proscribe, the plaintiff's intended future conduct. In the current case, no party alleges that § 37.11 proscribes, or arguably could proscribe, Plaintiff's intended future conduct. In other words, Plaintiff asks the Court to assume that at least one Defendant will make the future determination that Plaintiff's intended conduct is proscribed by § 37.11, and requests the Court enjoin that Defendant's potential conduct.
3. Plaintiff Does Not Demonstrate a Credible Threat of Prosecution Under Texas Penal Code § 37.11.
Plaintiff claims when it learned the complaint was under review, it immediately ceased sending notices to voters for "fear of prosecution." (Doc. 2 at 2-3). The government's review of a private citizen's complaint does not create a "threat of prosecution" substantial enough to meet the Constitution's injury-in-fact requirement.
In Google , the court determined:
"A preliminary injunction is not appropriate, however, 'unless the party seeking it can demonstrate that "First Amendment interests are either threatened or in fact being impaired at the time relief is sought." ' " [citation omitted] Thus, invocation of the First Amendment cannot substitute for the presence of an imminent, non-speculative irreparable injury. And we cannot say at this early stage of a state investigation that any suit that could follow would necessarily violate the Constitution. [citation omitted]
In sum, as underscored by [the Attorney General's] apparent need to gather considerable information before he can determine whether an enforcement action is warranted, the prospect of one is not sufficiently imminent or defined to justify an injunction. See O'Shea v. Littleton , 414 U.S. 488, 499, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (explaining that enjoining a state's criminal processes is inappropriate absent "a showing of irreparable injury which is 'both great and immediate' "); Boyle v. Landry , 401 U.S. 77, 81, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971) ("[T]he normal course of state criminal prosecutions cannot be disrupted or blocked on the basis of charges which in the last analysis amount to nothing more than speculation about the future.").
Google, Inc. v. Hood , 822 F.3d 212, 227-28 (5th Cir. 2016) ; see also Clapper v. Amnesty Int'l. USA , 568 U.S. 398, 414, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013) (there is a "usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors"); cf. Susan B. Anthony List , 134 S.Ct. at 2345-46 (threat of enforcement found when: (1) a government commission determined there was probable cause that the petitioners violated the challenged statute; (2) there was a history of past enforcement of the statute; and (3) a threat of criminal prosecution loomed).
In this case, no party offered evidence of past enforcement of the statute against political organizations in Texas, and Plaintiff cannot show that Defendants took any *968 action beyond reviewing the complaint.[3] In fact, Defendants could review the complaint and determine that Plaintiff did not violate § 37.11. Accordingly, to argue that a district attorney's review of a citizen's complaint is indicative of a threat of enforcement is nothing more than speculation.[4] Such speculation does not create an irreparable injury that is both great and immediate.
IV. CONCLUSION
Plaintiff requests the Court enjoin Defendants "from initiating investigations or prosecutions of Plaintiff for violation of Tex[as] Penal Code § 37.11." (Doc. 2 at 5). To do so, the Court must assume: (1) at least one Defendant will review the complaint and determine Plaintiff's conduct is proscribed by § 37.11, and (2) that the Defendant will then initiate an investigation or prosecution of Plaintiff. Considering the need for these assumptions and the discussion above, it is clear Plaintiff lacks an Article III injury in fact. Without an Article III injury, the Court lacks jurisdiction. Accordingly, the Court DENIES Plaintiff's Motion for Temporary Restraining Order (Preliminary Injunction) for want of jurisdiction. (Doc. 2).
Reviewing Plaintiff's Complaint, Plaintiff requests the Court declare § 37.11 unconstitutional as applied, enjoin Defendants from initiating investigations or prosecutions of Plaintiff under the statute, and grant Plaintiff costs pursuant to 42 U.S.C. § 1988. (Doc. 1 at 5-6). Plaintiff's Complaint fails to establish an independent injury in fact. Consequently, the Court DISMISSES Plaintiff's Complaint for the reasons articulated above. Fed. R. Civ. P. 12(h)(3) ; see also Avitts v. Amoco Prod. Co. , 53 F.3d 690, 693 (5th Cir. 1995) ("Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court.").
The Court's decision renders all remaining pending motions MOOT .
It is so ORDERED .

(a) A person commits an offense if he: (1) impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts; or (2) knowingly purports to exercise any function of a public servant or of a public office, including that of a judge and court, and the position or office through which he purports to exercise a function of a public servant or public office has no lawful existence under the constitution or laws of this state or of the United States. (b) An offense under this section is a felony of the third degree. Tex. Penal Code § 37.11.

The statute made it a "crime for any person to '[m]ake a false statement concerning the voting record of a candidate or public official,' ... or to '[p]ost, publish, circulate, distribute, or otherwise disseminate a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not ....' " See Susan B. Anthony List , 134 S.Ct. at 2338. Petitioners alleged an intent to make statements concerning the voting records of candidates and to disseminate statements about candidates. Id. at 2344.

The Court acknowledges Plaintiff's past dispute with the State of Texas Ethics Commission regarding state laws governing political action committees and lobbyists, but this dispute does not concern the statute at issue. See Empower Texans, Inc. v. Tex. Ethics Comm'n , 2014 WL 1666389 ; see also Empower Texans, Inc. v. State of Tex. Ethics Comm'n , 03-16-00019-CV, 2016 WL 6946810 (Tex. App.-Austin Nov. 22, 2016, no pet.).

Defense Counsel for Laura A. Nodolf, District Attorney for Midland County, highlighted this point, "I don't know that there is precedent for a plaintiff coming into a courtroom to say that they have not violated a statute and then [to] ask the counsel representing [the] District Attorneys to develop [by stating whether or not the District Attorneys will prosecute Plaintiff] what would be the imminent harm that gets them to the preliminary injunction." (Tr. at 64.)