**ARVIDA CORPORATION et al.,**
**Petitioners,**

v.

**Honorable Sidney SUGARMAN, United States District Judge, Respondent.**

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**ARVIDA CORPORATION et al.,**
**Defendants.**

**Nos. 25345–25347.**

United States Court of Appeals
Second Circuit.

Argued Sept. 29, 1958.

Decided Oct. 2, 1958.

John T. Cahill, of Cahill, Gordon, Reindel & Ohl, New York City, for petitioners and defendants, Arvida Corp. et al.

Paul Windels, Jr., Regional Administrator, Securities and Exchange Commission, New York City (William D. Moran, Asst. Regional Administrator, and John J. Devaney, Jr., Chief, Branch of Enforcement, Securities and Exchange Commission, New York City, and Thomas G. Meeker, Gen. Counsel, and Irving M. Pollack, Asst. Gen. Counsel, Securities and Exchange Commission, Washington, D. C., on the brief), for respondent and plaintiff, Judge Sugarman and Securities and Exchange Commission.

Before CLARK, Chief Judge, and LUMBARD and MOORE, Circuit Judges.

**PER CURIAM.**

The petition for mandamus is denied as moot. The merits relating to the application for a preliminary injunction are now being heard before the district court. For this reason there is no need of appellate decision as to the temporary restraining order or the order which vacated it.

LUMBARD, Circuit Judge (concurring).

In the light of the supervisory function of the courts of appeals over the administration of justice in the district courts, see LaBuy v. Howes Leather Co., 1957, 352 U.S. 249, 259–260, 77 S.Ct. 309, 1 L.Ed.2d 290, it is appropriate to add a word with respect to applications for temporary restraining orders and the granting of such orders ex parte without notice to those who are thus enjoined.

The district court must keep in mind that Rule 65(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., lays down specific requirements which are designed to give the parties who might be enjoined a chance to be heard before the drastic order of restraint issues. No temporary restraining order is to issue without notice "unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon."

Only a very unusual case should justify an agency of the government in requesting the issuance of such an order without notice when, with a few minutes' effort by telephone, it can so easily notify the parties and their counsel to appear before the district judge for such hearing as may be necessary and desirable to determine whether an injunction should issue. In most cases in New York City such arrangements can be made and the parties can be present before the district court in a brief period of time. Thus, where intended defendants are available for such notice there normally would be little excuse for not giving notice.

The reason underlying the rule is that failure to give notice and a chance to be heard offends our customary notions of fair play and violates the spirit and the letter of the Federal Rules, except in the extraordinary cases therein provided for. Since the administrative agencies of government are charged with the duty of enforcing regulatory statutes often penal in nature, it would be well for the government and its agencies to act with restraint in these matters as they involve not only the use of judicial process, but also the possibility of adverse publicity which may follow the issuance of the order. Thus irreparable harm may be suffered by the adverse parties before they have had an opportunity to be heard.

The district court should also have in mind the requirements of Rule 65(d) of the Federal Rules, which provides in part: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; * * *."

It is to be hoped that strict adherence to the provisions of Rule 65 and the procedures there laid down, which apply to the government and its agencies as well as to private litigants, will render unnecessary applications such as came before us in this case.