William AUSTIN et al., Plaintiffs-Appellants,

v.

Irving B. ALTMAN et al., Defendants-Appellees.

No. 473, Docket 28859.

United States Court of Appeals Second Circuit.

Argued April 28, 1964.

Decided May 15, 1964.

Marion O. Jones, New York City, for plaintiffs-appellants.

Samuel R. Pierce, Jr., New York City (Battle, Fowler, Stokes & Kheel and Raymond F. Gregory, New York City, on the brief), for defendants-appellees Irving B. Altman and others.

Dunbar S. McLaurin, New York City, defendant-appellee pro se.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

LUMBARD, Chief Judge.

■ We dismiss this appeal from Judge Palmieri's denial of an application for a temporary restraining order pending a hearing on the plaintiffs' motion to restrain the defendants [1] from proceeding with activities relating to the organization of the Freedom National Bank of New York, Inc., as the denial of such a temporary restraining order is not appealable.

In their complaint, filed on April 9, 1964, the plaintiffs, some of whom are alleged to be shareholders in the defendant bank and the remainder of whom are alleged to be prospective shareholders whose subscriptions have been rejected, charge the defendants with improper treatment of the plaintiffs' subscriptions, the distribution of an allegedly false prospectus compounded by the failure to make certain disclosures, refusal to distribute the stock as had been represented, the improper pledge of some 20,000 shares of stock to the Irving Trust Company, and conduct which will result in the Bank's being "controlled by a few businessmen, politicians, financiers, non-resident shareholders, all contrary to the expressed will of the people and contrary to the published prospectus." Apparently these and similar complaints so far as relevant to the issuance of a charter and the organization of the Bank had been advanced to the Comptroller of the Currency, and when he saw no reason to interfere with the organization of the Bank by the defendants this suit was commenced.

The complaint sought an injunction against further organizational activities and the holding of any shareholders' meeting, the appointment of a receiver during the pendency of the action, specific performance of the offers "in the prospective" (sic), acceptance by the defendants of the plaintiffs' subscriptions, and a declaration that the pledge to the Irving Trust Company was void. The complaint joined James Saxon, the Comptroller of the Currency, as a defendant and also sought to enjoin him; he has not been served and does not appear.

On Friday, April 10, the plaintiffs sought and obtained an ex parte temporary restraining order directing that the defendants be "stayed, enjoined and restrained from any organization or corporate action during the hearing of this motion," which was set for April 21. Apparently the principal reason for seeking a temporary restraining order was to prevent the defendants from proceeding with the organization meeting of the Bank scheduled for April 15 at 9:30 A.M. The defendants were not served with a copy of the order. In fact, by its terms the order could be served at any time up to 4:00 P.M. of April 15, six and one-half hours after the scheduled organization meeting. Having learned of the order, counsel for the defendants on Monday, April 13, visited the district judge who then modified the order by bracketing out the portion quoted above. When the district judge was advised of the possible effect of the temporary restraint, he commendably undertook to set matters right. He heard the parties at 4:30 P.M. on April 13 and again the following morning. At 7:00 P.M. on April 14 he again ruled on the matter in a written opinion and denied the injunctive relief requested by the plaintiffs which he had first granted ex parte.

---

1. It should be noted that the defendant Dunbar S. McLaurin has throughout taken a position parallel to that of the plaintiffs and contrary to that of the other defendants.

The plaintiffs assert that the order denying a temporary restraining order is appealable under 28 U.S.C. § 1292(a) (1) as an interlocutory order "granting, continuing, modifying, refusing or dissolving" an injunction. We do not agree. "In a civil action a restraining order *qua* restraining order is non-appealable." 7 Moore's Federal Practice ¶ 65.07; Grant v. United States, 282 F. 2d 165 (2 Cir. 1960); Schainmann v. Brainard, 8 F.2d 11 (9 Cir. 1925). But the distinction between a temporary restraining order and a preliminary injunction, which is appealable, is often subtle and difficult to draw. We must look to the subject matter of the order, its duration and whether or not notice and hearing of both parties were had.

Here, the order was originally granted without notice to or hearing of the defendants. By its terms the order was to be effective solely during the hearing of the motion for a preliminary injunction and thus was viewed by both the plaintiffs and the district judge solely as a temporary order. Indeed, in his opinion of April 14, the district judge stated that "The sole issue presently before this Court is one of interim relief pending argument of cross-motions by the parties." It is thus clear beyond peradventure that the order here involved was a temporary restraining order, the dissolution of which is non-appealable.

What the district judge himself wrote concerning the merits of this matter when he denied the temporary restraining order on April 14 is abundant reason why the order of April 10 should never have been signed without giving the defendants an opportunity to be heard. The papers failed to disclose sufficient relevant facts to show that the plaintiffs would suffer immediate and irreparable damage before notice could be served and a hearing had. Rule 65 (a) of the Federal Rules of Civil Procedure provides categorically that no temporary restraining order shall issue in the absence of such a showing.

The Rule further limits the duration of such an order to a maximum of ten days. Here the temporary restraining order was to last for eleven days, from April 10 to April 21. Moreover, the bond, set by the district judge in the amount of $500, was plainly not adequate, as Rule 65(c) requires, in light of the possible injury to the defendants as the result of delay in the holding of the scheduled organization meeting.

We take this opportunity to emphasize that a district court should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders. This case presents a vivid example of the dangers and embarrassments of hasty action in hearing only one side when the other parties concerned could easily have been summoned for a preliminary hearing. In addition to the defendant McLaurin, one of the organizing group named as a defendant is a member of the bar; all that was required to arrange a joint appearance before the district judge was a telephone call. Had the Rule been observed the time of the court and of the parties would have been conserved, and the temporary restraining order never would have been issued. See Arvida Corporation v. Sugarman, 259 F.2d 428, 429 (2 Cir. 1958).

As it is apparent on the face of the complaint and the papers filed in this matter, as well as from the oral argument of the appeal, that there is no basis for invoking the jurisdiction of the federal courts, we also direct the district court to dismiss the complaint. There is no showing that the activities complained of may be redressed by suit under any federal statute or that any federal statute confers upon the federal courts jurisdiction to determine the matters at issue between the parties; nor does it appear that the requisite diversity of citizenship exists between the parties plaintiff and defendant.

The complaint invokes the federal statutes only to the extent of making a conclusory statement in the first paragraph that "the action arises under the laws of the United States Code, as here-

276

inafter more fully appears," and later asserting in the seventh paragraph that "the defendants violated the National Banking Laws in refusing the subscriptions of the plaintiffs." Nowhere do we find any specification as to how the alleged refusal of the plaintiffs' subscriptions would constitute a violation of any federal law. None of the statutes and decisions cited is in point or even remotely suggests how a dispute regarding subscription or sale of the stock of a national bank in the process of formation is a federal matter merely because the bank is chartered under federal law. To the contrary, such cases as Whittemore v. Amoskeag National Bank, 134 U.S. 527, 10 S.Ct. 592, 33 L.Ed. 1002 (1890), and Herrmann v. Edwards, 238 U.S. 107, 35 S.Ct. 839, 59 L.Ed. 1224 (1915), hold that the federal courts do not have jurisdiction over suits to recover damages for the alleged misconduct of national bank directors. In Continental National Bank of Memphis v. Buford, 191 U.S. 119, 24 S.Ct. 54, 48 L.Ed. 119 (1903), the Court held that, except for jurisdiction by way of diversity of citizenship, actions by or against national banks may be brought in the federal courts only where an essential element of the cause of action presents a substantial federal question. See also 28 U.S.C. § 1348.

The plaintiffs assert that the complaint alleges a violation of 12 U.S.C. § 87 insofar as the defendant Bank pledged 20,000 shares of stock to the Irving Trust Company. But by its very terms § 87 applies solely to the pledge or hypothecation of a national bank's "notes of circulation," and is thus inapplicable here. Nor is it of any import that the plaintiffs have joined the Comptroller of the Currency as a defendant, inasmuch as the complaint otherwise advances no foundation for federal court jurisdiction.

The complaint further fails to allege or set forth any diversity of citizenship between parties plaintiff and parties defendant, and it is apparent that virtually all plaintiffs and all defendants, except

James Saxon, the Comptroller of the Currency, are citizens of New York. Accordingly the requisite diversity of citizenship is lacking. See Wright, Federal Courts § 24.

The appeal is dismissed; the district court is directed to dismiss the complaint unless within a reasonable time it is amended so as to state a cause of action within the jurisdiction of the federal courts.