James D. LESLIE, Plaintiff-Appellant,

v.

PENN CENTRAL RAILROAD COMPANY, Defendant-Appellee.

No. 18812.

United States Court of Appeals
Sixth Circuit.

May 8, 1969.

Dean A. Robb, Detroit, Mich., for appellant; Goodman, Eden, Robb, Millender, Goodman & Bedrosian, Ernest Goodman, Detroit, Mich., on brief.

Frederick L. Wyckoff, Detroit, for appellee.

Before PHILLIPS, PECK and Mc-CREE, Circuit Judges.

PER CURIAM.

This appeal having been perfected from an order of the District Court granting defendant's motion to dissolve a temporary restraining order issued by that court, this Court on its own motion * issued an order requiring the plaintiff-appellant to show cause why the appeal should not be dismissed as having been taken from an order not appealable without leave.

The complaint bases jurisdiction on the Federal Employers' Liability Act (45 U.S.C. § 51 et seq.), and seeks recovery for personal injuries allegedly suffered by appellant in the course of his employment. At his request, the District Court issued a temporary restraining order without notice and without definition of any injury, loss or damage which may have resulted to him before the adverse party or his attorney could be heard in opposition as required by Rule 65(b), Federal Rules of Civil Procedure. That order restrained appellee from taking certain disciplinary action against appellant on the basis of a provision in a collective bargaining agreement, and it was from the dissolution of that temporary restraining order that this appeal was taken. We hold that order to be non-appealable.

For present purposes, the posture of this case is identical to that of Austin v. Altman, 332 F.2d 273 (2d Cir. 1964). Therein in language directly applicable to the present situation, Chief Judge Lumbard stated (p. 275):

"We take this opportunity to emphasize that a district court should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders. This case presents a vivid example of the dangers and embarrassments of hasty action in hearing only one side when the other parties concerned could easily have been summoned for a preliminary hearing. * * * Had the Rule been observed the time of the court and of the parties would have been conserved, and the temporary restraining order never would have been issued. See Arvida Corporation v. Sugarman, 259 F.2d 428, 429 (2 Cir. 1958)."

Plaintiff-appellant cited in his answer to the show cause order and in oral argument to the Court the case of Dilworth v. Riner, 343 F.2d 226 (5th Cir. 1965), in support of his argument that the denial of the temporary restraining order should be considered as the denial of a preliminary injunction, and therefore appealable under 28 U.S.C. § 1291. That Dilworth is clearly distinguishable from the present case, in which as previously noted the temporary restraining order was issued without notice, becomes readily apparent upon a reading of the following language (p. 229):

"Here the District Court held a full scale hearing on the third day after the filing of the complaint. Five wit-

---

* At no stage in these proceedings has defendant-appellee addressed itself to the subject of appellate jurisdiction.

nesses for appellants and three for appellees testified, and the court heard argument of counsel before denying the request for the temporary restraining order. It was in substance and result a hearing on and the denial of a preliminary injunction * * *."

As hereinabove indicated, it is concluded that an appeal will not lie from the subject order of the District Court and the appeal is accordingly dismissed.