**Shahidah GRAHAM et al., Plaintiffs, Appellants,**

v.

**Steven A. MINTER et al., Defendants, Appellees.**

**No. 71–1051.**

United States Court of Appeals, First Circuit.

March 3, 1971.

R. Peter Anderson, with whom Steven Goldstein and Paula W. Gold, Boston, Mass., were on brief, for appellants.

Thomas F. Brownell, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., was on brief, for appellees.

Before McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiffs, two mothers who are recipients of Aid to Families with Dependent Children, 42 U.S.C. §§ 601–644, brought this class action for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 seeking, *inter alia,* to have a Commonwealth of Massachusetts regulation dealing with lost or stolen welfare checks declared unconstitutional.[1] On February 16, 1971, at the request of plaintiffs, a three-judge district court was constituted in accordance with 28 U.S.C. §§ 2281 and 2284. Prior to the appointment of that court, plaintiffs requested the single judge to issue a temporary order restraining the state welfare department from failing to reissue to the two named plaintiffs certain welfare checks which had allegedly been stolen. *See* 28 U.S.C. § 2284(3).[2] After oral argument, followed by two days of evidentiary hearings at which both parties presented evidence and had the opportunity to cross-examine witnesses, the single judge denied plaintiffs' request. Plaintiffs filed a notice of appeal on February 19, 1971. Pending appeal, they request an injunction substantially identical to the temporary restraining order they sought below.

■■ Generally speaking the denial of a request for a temporary restraining order is not appealable. Austin v. Altman, 332 F.2d 273 (2d Cir. 1964). However, the courts have recognized an exception to the general rule in a case where the motion for a temporary restraining order has been denied "after a full presentation by both parties" and has "the effect of a denial of an injunction." ITT Lamp Division v. Minter, 435 F.2d 989 (1st Cir. 1970); Dilworth v. Riner, 343 F.2d 226 (5th Cir. 1965); 3 W. Barron & A. Holtzoff, Federal Practice and Procedure § 1440; *see* 28 U.S.C. § 1292(a). In the case at bar, however, we cannot analogize the temporary restraining order to a preliminary injunction since under the statute such an injunction could not have been granted or denied by the single judge. 28 U.S.C. §§ 2281, 2284; Stratton v. St. Louis Southwestern Ry., 282 U.S. 10, 15, 51 S.Ct. 8, 75 L.Ed. 135 (1930). Ordinarily a plaintiff can assume, if the trial judge has denied a motion for a temporary restraining order after holding extensive evidentiary hearings, that it would be fruitless to seek a preliminary injunction. Once a three-judge court has been constituted, however, it is bound by statute to reconsider plaintiff's "application for an interlocutory injunction * * * at the earliest practicable day." 28 U.S.C. § 2284(3) and (4). In effect, in a three-judge case plaintiffs have something better than a right of appeal, namely, the opportunity to have their claims for temporary relief considered de novo by the trial court.

Plaintiffs emphasize that in their motions for temporary relief they have merely sought to enjoin the *application* of the regulation in question, an issue normally decided by a single district judge. However, these motions rested, apart from the question of irreparable injury, on the "legal claims advanced in [plaintiffs'] complaint"—claims already certified as justifying the invocation of

---

1. The regulation in question is denominated "State Letter 272, Welfare Service Office and Finance Unit Responsibility—Lost or Stolen Checks," and was issued by defendant Steven A. Minter, Commissioner, Department of Public Welfare, on November 16, 1970.

2. 28 U.S.C. § 2284(3) provides: "In any such case in which an application for an interlocutory injunction is made, the district judge to whom the application is made may, at any time, grant a temporary restraining order to prevent irreparable damage. The order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the full court. * * *"

a three-judge court. While it is true that the Supreme Court has encouraged remand to the single judge where warranted by considerations of judicial economy, Rosado v. Wyman, 397 U.S. 397, 402–403, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), remand is appropriate only *after* issues of facial unconstitutionality have been resolved by the three-judge court. An appeal to this court from a preliminary decision by the single judge regarding pendent constitutional claims would result in the parallel and possibly conflicting resolution of the same issue at the same time by both a circuit court and a three-judge court, which would needlessly confuse and delay a procedure designed to be expeditious.

Appeal dismissed for want of jurisdiction.