**STATE OF MAINE et al.,**
**Plaintiffs-Appellees,**

**v.**

**Robert W. FRI, etc., et al.,**
**Defendants-Appellants.**

**Misc. No. 73-8042.**

United States Court of Appeals,
First Circuit.

Submitted July 12, 1973.

Decided July 17, 1973.

As Amended Aug. 20, 1973.

Walter H. Fleischer and William D. Appler, Attys., Dept. of Justice, Washington, D. C., for appellants upon motion for stay pending appeal.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellees sought relief in the district court against the acting administrator of the Environmental Protection Agency and a regional administrator, seeking to require compliance with Title II of the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1281 et seq. In particular, it was alleged that appellants were illegally refusing to allot funds appropriated by Congress under 33 U.S.C. § 1287 and that this refusal, if continued beyond June 30, 1973, would result in the absolute loss of these monies to the State of Maine. At a hearing on June 29, at which appellants were represented by the United States Attorney who allegedly received but a few hours notice of this complaint, the district court, acting after hearing the parties and looking to appellees' affidavits, granted a temporary restraining order requiring appellants to allot the sums in question, such order "to remain in effect until further order of this Court." The court also stated, however, that the funds allotted "shall not be available for obligation under [§ 1285(b)] until further order of this Court." On July 6 a hearing was held on appellants' motion to vacate the restraining order. The district court denied the motion and a notice of appeal was immediately filed. At this juncture we are asked to grant a stay pending appeal of the district court's order. We reject this request and dismiss the appeal at this time because we have determined that we do not have appellate jurisdiction.

Appellants contend that the district court's "order is not limited to ten days and in fact adjudicates the merits of the action" so that it "must be fairly described as a preliminary injunction". It is true that we have said that where the denial of a request for a restraining order, taken after a full presentation of both sides, has the effect of the denial of a preliminary injunction, appellate jurisdiction lies, I. T. T. Lamp Division of I. T. T. v. Minter, 435 F.2d 989 (1st Cir. 1970); Graham v. Minter, 437 F.2d 427 (1st Cir. 1971). But appellants' attempts to apply that rationale here must fail. First, as appellants acknowledge, we could not say that the

"full presentation" envisioned by *I. T. T. Lamp* and *Graham* has occurred here so that the district court's restraining order should be viewed as a preliminary injunction. Second, the district court clearly indicated that it was issuing only a temporary restraining order and that a full hearing on the issuance of a preliminary injunction would soon follow. Although the court did not expressly limit the duration of the restraining order, it is limited by F.R.Civ.P. 65(b) to ten days, though it may be extended, on good cause shown, for an additional ten days.* The court's refusal to dissolve the restraining order on July 6 must be taken, in the context of this case, as but an extension of the original order for an additional ten days beyond the initial date of expiration. We must assume, at this point in time, that the court realized that a temporary restraining order cannot be extended indefinitely, and that it intends to conduct a hearing on the issuance of the preliminary injunction within the twenty day period or very shortly thereafter, unless appellants request a continuance of the hearing or consent to an extension of the restraining order, as indeed they might consider doing.

If a hearing is not held within the appropriate time period, appellants are free, of course, to file a new notice of appeal and request for a stay pending appeal, for a strong argument might be made that "any order extended beyond twenty days without the restrained party's consent becomes a preliminary injunction, at least for purposes of seeking an appeal", 11 Wright & Miller, Federal Practice & Procedure: Civil § 2953 at 519–520 (1973), though some leeway in the time period might be possible. *See* Connell v. Dulien Steel Products, Inc., 240 F.2d 414 (5th Cir.), cert. denied, 356 U.S. 968, 78 S.Ct. 1008, 2 L.Ed.2d 1074 (1957); 11 Wright & Miller, *supra* at 520–521. And, of course, as long as the hearing on the preliminary injunction is held expeditiously within the appropriate time frame, the district court should be able to extend the restraining order while it prepares its decision. 7 Moore's Federal Practice, ¶ 65.07 n. 11, at 65–81, 65–82 (1972). But at this time, there is nothing this court may properly do.

Stay denied; appeal dismissed.

---

* Restraining orders may be extended beyond twenty days, however, if the moving party has exercised good faith in seeking the preliminary injunction hearing, but has been unsuccessful, and if the danger of irreparable injury continues. 11 Wright and Miller, Federal Practice & Procedure: Civil § 2953 at 521 (1973).