582 F.2d 1271
 99 L.R.R.M. (BNA) 2249, 84 Lab.Cas. P 10,801
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
St. Elizabeth Hospital, Appellant
v.
Wayne L. Horvitz, Appellee.
 No. 78-7129.
 United States Court of Appeals, Second Circuit.
 July 21, 1978.
 
 1
 This is an appeal from an order of the United States District Court for the Northern District of New York, Howard G. Munson, Judge, denying St. Elizabeth Hospital's request to enjoin investigation of a labor dispute by a Board of Inquiry (Board) appointed pursuant to Section 213 of the Labor Management Relations Act, 29 U.S.C. Sec. 183(a). Because the court's ruling was neither a final decision under 28 U.S.C. Sec. 1291 nor an interlocutory order specified in 28 U.S.C. Sec. 1292(a)(1), we dismiss the appeal for lack of appellate jurisdiction.
 
 
 2
 The Board was appointed by the Federal Mediation and Conciliation Service (the Mediation Service) on December 1, 1977, to report on contract negotiations between appellant and the New York State Nurses Association. The following day, a Friday, appellant informed the Mediation Service that it would seek to enjoin the Board from investigating the dispute. Speed was of the essence because the Board could operate for only fifteen days after its appointment. 29 U.S.C. Sec. 183(a). Accordingly, on Monday morning, December 5, 1977, the hospital filed its verified complaint accompanied by a request for injunctive relief. After both parties presented their arguments in chambers, the district court orally denied the motion. Regrettably, no transcript of the hearing was made. Appellee thereafter asked the district court to issue a written decision for future guidance to parties with labor disputes. Apparently, at the suggestion of the Mediation Service, appellant's complaint as well as a Mediation Service affidavit, both of which were used at the earlier hearing, were filed with the court to aid in memorializing the decision.
 
 
 3
 After the December 5 ruling, the hospital cooperated with the Board, and the labor dispute was resolved sometime before expiration of the contract on January 1, 1978. At no time did appellant pursue a preliminary injunction hearing or seek a stay of the Board's operations pending such a hearing. Then, on February 14, 1978, the district court issued a written "Order and Opinion" denying injunctive relief. Almost one month later, on March 9, the hospital filed its notice of appeal.
 
 
 4
 In our view, the hearing on December 5, 1977, culminated in a denial of a temporary restraining order. Both the haste in which the matter was presented as well as the informality of the proceeding militate in favor of this conclusion. Additionally, we believe that the February 14 document is merely written substantiation of the earlier oral denial of the temporary restraining order rather than a denial of a preliminary or permanent injunction. The label put on the order by the trial court is not controlling. Morning Telegraph v. Powers, 450 F.2d 97, 99 (2d Cir.1971), cert. denied, 405 U.S. 954 (1972). Appellant's failure to pursue the matter further after the oral ruling indicates that it is most unlikely that anyone thought an additional inquiry was even being sought. More important, the decision does not purport to be other than a summary of the December hearing. It is based solely on the information presented at that time, and makes no reference to the events which transpired after that hearing. Moreover, the court's discussion of the procedural posture of the case does not mention the oral denial. It states that the hospital sought injunctive relief on December 5, 1977, and then proceeds to state the reasons for denying the motion. Since appeals from denials of temporary restraining orders are normally impermissible, Hoh v. Pepsico, Inc., 491 F.2d 556, 560 (2d Cir.1974); Austin v. Altman, 332 F.2d 273, 275 (2d Cir.1964); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2962, at 616 (1973), the appeal is dismissed.*
 
 
 
 *
 It is likely, moreover, that the case is now moot. The Board expired on December 16, 1977, after issuing its report, and the dispute has been resolved. Appellant's reliance on Sinai Hospital of Baltimore, Inc. v. Scearce, [82 LC p 10,118] 561 F.2d 547, 551-52 (4th Cir.1977), for the proposition that the issue here is capable of repetition yet evades judicial review, is unconvincing. In that case, the hospital pursued its complaint with diligence, thereby preventing the Board's intervention until the labor controversy was virtually resolved