**Hon. Jose J. Dapena THOMPSON, Mayor of Ponce, et al., Plaintiffs,**

v.

**Hon. Severo Colberg RAMIREZ, Speaker of the House of Representatives of Puerto Rico, et al., Defendants.**

**Civ. No. 84–2329 HL.**

United States District Court,
D. Puerto Rico.

Sept. 20, 1984.

See also, D.C., 597 F.Supp. 727; D.C., 597 F.Supp. 730.

Antonio Cordova González, San Juan, P.R., for plaintiffs.

Marcos A. Ramírez, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

A verified complaint was filed in the above captioned case on September 18, 1984, and a form of order for a temporary restraining order was provided.

The Temporary Restraining Order is hereby DENIED, for failure to comply with Federal Rule of Civil Procedure 65.[1]

 There has been no certification to this Court in writing, of the efforts, if any, of notification to adverse parties. Without such certification, ex parte relief is improper. The requirements of Rule 65, quoted in part at footnote 1, are not mere technicalities, but establish minimum due process. These requirements must be strictly complied with to obtain ex parte relief. See, *Baines v. City of Danville, VA.*, 337 F.2d 579 (4th Cir.1964), cert. denied, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965).

Furthermore, it does not appear from the specific facts alleged in the verified complaint that irreparable injury, loss, or damage will result.[2] See, *Austin v. Altman*, 332 F.2d 273 (2d Cir.1964), failure to show irreparable harm is grounds to deny ex parte action.

WHEREFORE, the motion for temporary restraining order is hereby DENIED without prejudice.

---

**1.** Rule 65(b) reads:

"Temporary Restraining Order; Notice; Hearing; Duration.

"A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required."

**2.** The verified complaint does not even allege the dates of the subpoena in question, and therefore, does not place the Court in a position to ascertain the harm to plaintiffs.