770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. Stallworth, Plaintiff-Appellant,
v.
Detroit Board of Education, George Bell, President of Board
of Education; Arthur Jefferson, General Sup.;
Lymme M. Metty, Defendants-Appellees.
 No. 84-1847
 United States Court of Appeals, Sixth Circuit.
 7/12/85
 
 E.D.Mich.
 APPEAL DISMISSED
 ORDER
 BEFORE: MERRITT, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 This pro se plaintiff, a former tenured eighth grade teacher, requests the Court to accept his appeal and to grant him injunctive relief pending his appeal from two district court orders denying his motion requesting injunctive relief and denying his motion requesting a temporary restraining order.
 
 
 2
 Seeking monetary, declaratory and injunctive relief, plaintiff sued the defendants alleging that they unlawfully had him arrested and expelled from a school board meeting on March 27, 1984 and that they also illegally discharged him in 1978 in violation of his state and federal constitutional rights. On October 15, 1984, a Magistrate issued a report and recommendation to deny plaintiff's request for injunctive relief. Although the plaintiff was advised to file any objections to the report within ten days or suffer a waiver of his appeal, plaintiff did not file any objections prior to the district court's adoption of the Magistrate's report and recommendation and denial of his request for an injunction on November 6, 1984. The plaintiff's motion for a temporary restraining order was also denied by the district court on October 30, 1984. In his present motions, plaintiff requests the Court to allow him to appeal from the district court orders and to grant him reinstatement to his former teaching position.
 
 
 3
 Upon consideration of the cause, this Court concludes that it lacks jurisdiction over the appeal for several reasons. The plaintiff waived his right to appeal from the order denying him injunctive relief when he failed to file any objections to the Magistrate's report and recommendation after the Magistrate expressly warned him that failure to do so would result in his waiver of his right to appeal. See United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). As an appeal from an order denying the plaintiff a temporary restraining order, this Court also lacks jurisdiction because such orders are simply not appealable. Leslie v. Penn. Central R.R. Co., 410 F.2d 750 (6th Cir. 1969). If the appeal is liberally construed to be from an order denying plaintiff injunctive relief, the Court still does not possess jurisdiction over the appeal because the plaintiff has failed to show that the district court orders might have serious, perhaps irreparable, consequences and that he can obtain effective relief only by immediate appeal. These two prerequisites must be met before an appellate court can exercise jurisdiction over an appeal under 28 U.S.C. Sec. 1292(a)(1), as a limited exception to the final judgment rule of 28 U.S.C. Sec. 1291. See Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); Gillis v. U.S. Dept. of H. & H. Services, 759 F.2d 565, 567-68 (6th Cir. 1985); Shanks v. City of Dallas, Tex., 752 F.2d 1092 (5th Cir. 1985). These prerequisites are not met in this case for several reasons. The plaintiff has already lost an earlier suit in which he sought to challenge his discharge for being in violation of state and federal law. The district court's judgment dismissing that suit following a bench trial was also affirmed by this Court on December 13, 1982. To the extent he relies on the alleged illegality of his discharge from employment, his argument is, therefore, without merit because it is barred by the doctrine of res judicata which precludes relitigation of claims which were brought and which could have been brought in the prior action. Nathan v. Rowan, 651 F.2d 1223, 1226 (6th Cir. 1981). The defendants likewise stated before the Magistrate that the plaintiff would always be allowed to attend any of its board meetings so long as his behavior was not disorderly and disruptive to the proceedings. Under these circumstances, the plaintiff has failed to show entitlement to an interlocutory appeal from the district court's orders.
 
 
 4
 It is, accordingly, ORDERED that the plaintiff's motion for interlocutory review and his motion requesting injunctive relief pending appeal be and hereby are denied. This appeal is also ORDERED dismissed for lack of jurisdiction pursuant to Rule 9(d)(1), Rules of the Sixth Circuit.