IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40861
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MOSQUERA-MINA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-191-1
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Luis Mosquera-Mina appeals his guilty-plea conviction for being an alien previously deported and either attempting to enter or being present in the United States without the consent of the Attorney General. He argues for the first time on appeal that the indictment was constitutionally deficient because it stated that Mosquera-Mina "attempt," as opposed to attempted, to reenter the United States.

Even though the indictment used an incorrect tense of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

verb attempt, the indictment specified the date of the alleged offense. The indictment was sufficiently clear, and the technical error did not render the indictment constitutionally deficient. See United States v. Newsom, 483 F.2d 439, 440 (5th Cir. 1974); United States v. Varkonyi, 645 F.2d 453, 456 (5th Cir. 1981). Furthermore, Mosquera-Mina does not challenge the indictment's allegation that he was found in the United States without the consent of the Attorney General after having been previously deported, and his conviction may be affirmed based upon his plea of guilty to that allegation in the indictment. See United States v. Harvard, 103 F.3d 412, 420 (5th Cir. 1997).

AFFIRMED.