**WOMEN'S MEDICAL PROFESSIONAL CORPORATION, Martin Haskell, M.D., Plaintiffs,**

v.

**Bob TAFT, Governor, State of Ohio, Betty Montgomery, Attorney General, State of Ohio, Mathias H. Heck, Jr., Prosecuting Attorney, Defendants.**

No. C–3–00–368.

United States District Court, S.D. Ohio, Western Division.

Sept. 18, 2000.

David Carr Greer, Bieser, Greer & Landis, Dayton, OH, Jennifer Lynn Branch, Alphonse Adam Gerhardstein, Laufman & Gerhardstein, Cincinnati, OH, Janet Crepps, The Center for Reproductive Law and Policy, New York City, for Women's Medical Professional Corporation, Martin Haskell, MD, plaintiffs.

Stuart W. Harris, Ohio Attorney General, Corrections Litigation, Mary K. Crawford, Anne Berry Strait, Ohio Attorney General, Health & Human Services Section, Elizabeth Luper Schuster, Ohio Attorney General, Chief Counsel's Staff Section, Karl William Schedler, Assistant Attorney General, Court of Claims, Columbus, OH, for Bob Taft, Governor, Betty D. Montgomery, Attorney General.

Gregory Paul Dunsky, Montgomery County Prosecutor's Office, Dayton, OH, for Mathias H. Heck, Jr.

DECISION AND ENTRY EXTENDING, *SUA SPONTE*, TEMPORARY RESTRAINING ORDER PREVIOUSLY GRANTED TO DATE AND TIME CERTAIN

RICE, Chief Judge.

On September 5 and 6, 2000, this Court conducted an oral and evidentiary hearing on

598

Plaintiffs' Motion seeking preliminary injunctive relief (Doc. # 2). Following post-hearing briefing and submissions of suggested findings of fact and conclusions of law, the aforesaid Motion was orally argued before this Court on Tuesday, September 12, 2000. Since that time, this Court has been engaged in the writing of its written decision on the aforesaid Motion, a decision which is, as of the date and time of the filing of this Entry, some 65 pages or more in length. It is estimated by the undersigned that said decision will be completed, with finality, no later than noon on Friday, September 22, 2000.

Accordingly, for good cause shown (the need to properly prepare its decision on the Plaintiffs' Motion for Preliminary Injunction), the Temporary Restraining Order granted August 17, 2000 (Doc. # 7), effective at 12:01 a.m. on Friday, August 18, 2000, and extended September 1, 2000 (Doc. # 16), effective at 12:01 a.m. on Saturday, September 2, 2000, and due to expire at the stroke of midnight on Tuesday morning, September 19, 2000, is hereby ordered extended to noon on Friday, September 22, 2000. *State of Maine v. Fri,* 483 F.2d 439, 441 (1st Cir. 1973) ("as long as the hearing on the preliminary injunction is held expeditiously within the appropriate time frame, the district court should be able to extend the restraining order while it prepares its decision.") *See also, United States v. PATCO,* 527 F.Supp. 1344, 1347 n. 1 (N.D.Ill.1981) (District Court relies upon above quoted language from *Fri* to justify a brief, two day extension of a Temporary Restraining Order in order that the status quo could be preserved, while the decision on the Plaintiff's Motion for Preliminary Injunction was being prepared); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* Section 2953, citing *Fri* to support the proposition that, despite the language of Rule 65(b), courts have some limited discretion to extend a Temporary Restraining Order beyond a second ten-day period.

Based upon the aforesaid, the Defendants, their employees, agents and/or servants are restrained, until noon on Friday, September 22, 2000, from enforcing Substitute House Bill No. 351.

Bond having been considered, the Court concludes that no bond is required.