*Al-Bukhari v. Dep't of Corr.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Ja Qure Al-Bukhari,

> *Plaintiff-Appellant,*

> v.                                                                           17-487

Department of Correction, Robles, Angel
Quiros, William Mulligan, Karl Lewis,
Anthony Bruno, All sued in their individual
and official capacities,

> *Defendants-Appellees,*

Edward Maldonado, Warden, Morrison,
Melendez, Correctional Officer, All sued
in their individual and official capacities,

1

*Defendants.*

FOR DEFENDANT-APPELLANT:     Ja Qure Al-Bukhari, pro se, Suffield, CT.

FOR APPELLEE:                Steven R. Strom, Assistant Attorney General,
                             *for* George Jepsen, Attorney General, Hartford,
                             CT.

Appeal from an order of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Appellant Ja Qure Al-Bukhari, proceeding pro se, appeals from the district court's denial of his motion for a temporary restraining order ("TRO") in his 42 U.S.C. § 1983 action against numerous prison officials. Al-Bukhari asserted claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. He argued that defendants prevented him from practicing two forms of ritual bathing by using a timed water system that turned off the faucet in his cell after 60 seconds and by requiring him to wear leg shackles in the shower. He also argued that defendants denied him access to a halal diet by refusing to reinstate his commissary privileges, which had been revoked. Al-Bukhari moved for a TRO to compel defendants to allow his water to run for five minutes, remove his leg shackles when showering, and reinstate his commissary privileges. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

A temporary restraining order is not a final order and is generally not appealable. *See Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 225 n.3 (2d Cir. 2010). However, we may entertain an otherwise unappealable order denying a temporary restraining order when it effectively amounts to a denial of a preliminary injunction. *See Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 361 (2d Cir. 2000) (per curiam). Although the distinction between a TRO and a preliminary injunction "is often subtle and difficult to draw," to determine whether an order qualifies as a TRO or preliminary injunction, courts look to such factors as the duration of the order, whether the lower court issued it after a notice of hearing, and the type of showing made to obtain the order. *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964). Applying this standard, we consider Al-Bukhari's motion as a request for a preliminary injunction, which the district court denied.

Ordinarily, preliminary injunctions are warranted when "the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks omitted). But where, as here, the movant seeks mandatory relief that alters the status quo, the movant must make "a clear showing that [he] is entitled to the relief requested, or [that] extreme or very serious damage will result from the denial of preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted).

3

The district court concluded that Al-Bukhari failed to establish the irreparable harm element required for injunctive relief. We agree that the preliminary injunction was properly denied, although for a different reason. *See NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004) ("[W]e may affirm on any ground supported by the record."). The claims of infringement that Al-Bukhari made in his motion do not appear in his underlying complaint, in which he alleged that he had wrongfully not been provided hard-backed religious books. Although Al-Bukhari attempted to add the new claims in a later-proffered amended complaint, the district court declined to allow joinder of the new claims because they were unrelated to the discrete claims in the original complaint. Accordingly, as this case comes to us, the preliminary injunctive relief sought by the plaintiff "deals with a matter lying wholly outside the issues in the suit," and for that reason the district court acted within its discretion in denying the plaintiff's motion for a preliminary injunction. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

We have considered Al-Bukhari's remaining arguments and found in them no basis for altering this decision. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4