Joseph DEAN, Earnest Simes, Geraldine Davis, Clausey Myton, and Arlanda Jacobs *v.* The Hon. Randall WILLIAMS, Circuit Court of Phillips County

99-1364 and 99-1353                                      5 S.W.3d 37

Supreme Court of Arkansas
Opinion delivered November 22, 1999

*Wilson & Valley*, by: *Jimmie L. Wilson, J.F. Valley*, and *André K. Valley*; and *John Walker*, for petitioners.

*Friday, Eldredge & Clark*, by: *William A. Waddell, Jr.*, for respondent.

PER CURIAM. Petitioners have filed requests for writ of prohibition and certiorari and additional motions for stay in each case. The cases have been assigned the respective numbers 99-1364 and 99-1353. Although respondents assert they have never been served with the petitioners' requests and motion, they submit they called this court's clerk's office, learned of the petitioners' requests and have filed a response, but at the same time denying sufficient time to respond properly. A partial record has been filed along with petitioners' requests. In petitioners' partial record and request for writ of certiorari, they state that the trial court has held them in contempt, and that they have filed a notice of appeal. In addition to the foregoing claims, petitioners further submit the Federal Civil Rights Act and Arkansas Civil Rights Act have been violated. Other issues also have been alleged by petitioners. Respondents submit the partial record is insufficient to reach the issues raised by the parties.

In view of the contempt matter pending below and on appeal, and petitioners' stay request, we expedite these matters so this court may consider at least those immediate issues dealing with the petitioners' duty, if any, for calling an election under Acts 1357 and 1478 of 1999 and whether the petitioners can be held in contempt for refusing to do so. One other issue needing expedited treatment is whether the trial court had jurisdiction to enter the orders it issued. Respondents ask us to deny the relief sought by petitioners, stating that no travesty of justice will occur if a stay is not granted, and that petitioners have chosen their course of defiance to the circuit court's orders. This court has authority to expedite matters concerning elections and to enter a stay where a contempt order involving incarceration has been entered. We are unaware of any reason why we should not proceed in this same manner in this case, especially since in expediting this case we can promptly decide the three pressing issues the parties have brought to our attention.

■ We direct counsel for petitioners and respondents to brief the above three issues and file simultaneous briefs on or before 9:00 a.m., Monday, November 29, 1999. The petitioners' writ of certiorari is granted directing the court reporter to file the transcript of the November 18, 1999 contempt hearing held below. The transcript must be filed on or before Wednesday, November 24, 1999 at 5:00 p.m.

■ Oral arguments are hereby set on the foregoing immediate issues on Tuesday, November 30, 1999 at 9:00 a.m. Meanwhile a temporary stay is issued concerning the trial court's contempt order at least until this court has had the opportunity to hear and review the record and arguments relating to the relevant issues now under consideration.

It is so ordered.