*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0355p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

OHIO REPUBLICAN PARTY; LARRY WOLPERT,
                              *Plaintiffs-Appellees/*
                                 *Cross-Appellants,*

                                                                    Nos. 08-4242/4243/4251

          *v.*

SECRETARY OF STATE JENNIFER BRUNNER,
                                  *Defendant-Appellant/*
                                    *Cross-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 08-00913—George C. Smith, District Judge.

Decided and Filed:  September 30, 2008

Before:  MOORE, GRIFFIN, and BRIGHT, Circuit Judges.[*]

---

## OPINION

---

MOORE, J., delivered the opinion of the court, in which BRIGHT, J., joined.  GRIFFIN, J. (p. 5), delivered a separate opinion concurring in part and dissenting in part.

KAREN NELSON MOORE, Circuit Judge.    Defendant-Appellant Jennifer Brunner, Secretary of State of Ohio ("the Secretary"), brings this emergency motion to stay or vacate the district court's grant of a Temporary Restraining Order ("TRO") restraining enforcement of Advisory 2008-24, which advised county boards of elections that they are not required to allow election observers during the 35-day in-person absentee voting period immediately preceding Election Day.  The Secretary argues before this court that (1) the district court lacked jurisdiction to issue injunctive relief against state officials on the basis of state law, and (2) the district court abused its discretion in granting the TRO.  Plaintiffs-Appellees, the Ohio Republican Party and Larry Wolpert, bring an emergency motion seeking an injunction restraining the Secretary from allowing simultaneous registration and absentee voting to the extent that ballots cast by newly registered voters are not physically segregated from other ballots.  For the reasons stated below, we **GRANT** the Secretary's emergency motion to stay the district court's TRO and **DENY** the plaintiffs' emergency motion for an injunction.

---

[*]The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## I. BACKGROUND

This case involves a dispute over the five-day window (from September 30, 2008, through October 6, 2008) under Ohio election law during which a voter may both register to vote and simultaneously cast an absentee ballot. On August 13, 2008, the Secretary issued Directive 2008-63, which directed county boards of elections to develop procedures for same-day registration and the issuance of absentee ballots at the time of registration. The instant case is the third suit to be filed concerning same-day registration and absentee balloting.

The first suit filed was an original mandamus action against the Secretary filed on September 12, 2008, in the Ohio Supreme Court that challenged Directive 2008-63. *See State ex rel. Colvin v. Brunner*, No. 2008-1813. This was followed by an action brought by a different group of plaintiffs in the United States District Court for the Northern District of Ohio. *See Project Vote v. Madison County Bd. of Elections*, No. 1:08-cv-2266. That suit sought named the Madison County Board of Elections as a defendant because it had indicated that it would not enforce Directive 2008-63 to allow same-day registration and absentee balloting. The instant case was filed by the Plaintiffs in the Southern District of Ohio on September 26, 2008. Each of these actions involved the propriety of Directive 2008-63.

In the instant case, the Plaintiffs also challenged Advisory 2008-24, which was issued by the Secretary on September 23, 2008. Advisory 2008-24 addressed the question of "whether Ohio law provides for election observers during the 35-day period for in-person absentee voting at board of elections offices or other designated sites." This Advisory explained that Chapter 3505 of the Ohio Revised Code provides for the presence of observers at five distinct points during an election. The Advisory concluded, however, that Chapter 3505 did not "provide[] for election observers during the 35-day period for in-person absentee voting at boards of elections' offices or other designated sites." In reaching this conclusion, the Advisory stated that "the principal statute on election observers, [Ohio Revised Code Section] 3505.21, appears only to address observers on Election Day."

On September 27, 2008, the Secretary filed a motion pursuant to 28 U.S.C. § 1404(a) to transfer venue and consolidate the present case with the *Project Vote* case pending in the Northern District of Ohio. That motion was denied by the district court on September 28.

On September 29, the district court in the *Project Vote* case entered a TRO ordering the Madison County Board of Elections to follow Directive 2008-63. Also on September 29, the Ohio Supreme Court ruled in *Colvin* that the Secretary's interpretation of Ohio law in Directive 2008-63 was correct.

On September 26, the Plaintiffs in the instant case filed a motion for a TRO and preliminary injunction restraining enforcement of both Directive 2008-63 and Advisory 2008-24. Noting the Ohio Supreme Court's ruling in *Colvin*, the district court "abstain[ed] from ruling on the validity of Directive 2008-63." But the district court granted a TRO with respect to Advisory 2008-24.

## II. ANALYSIS

### A. TRO Restraining Enforcement of Advisory 2008-24

Although we generally lack jurisdiction to hear an appeal of a district court's order granting or denying a TRO, we have allowed interlocutory appeals under 28 U.S.C. § 1291(a)(1) of "TROs which threatened to inflict irretrievable harms before the TRO expired." *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1005-06 (6th Cir. 2006) ("*NEOCH*"). Given the extraordinary time constraints of the present dispute, the nature and effect of this TRO necessitate an immediate appeal. Accordingly, we conclude that we have jurisdiction to consider this appeal.

We begin by addressing the Secretary's argument that the district court lacked jurisdiction to grant injunctive relief based on the holding of *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 124-25 (1984), that federal courts lack jurisdiction to enjoin state officials on the basis of state law. In granting the TRO restraining enforcement of Advisory 2008-24, the focus of the district court's analysis was on interpreting Ohio state law. Specifically, the district court interpreted Ohio Revised Code Section 3505.21 as being applicable not just to election day but also to the same-day registration and absentee balloting authorized by Directive 2008-63, and therefore the district court ruled that election observers must be allowed during same-day registration and balloting prior to election day. The district court thus ruled that Advisory 2008-24—which concluded that Ohio Revised Code Section 3505.21 was only applicable on election day—was an incorrect interpretation of state law. Arguing that the district court's order is grounded entirely in state law, the Secretary contends that the injunctive relief against state officials here is barred by *Pennhurst*. We believe that the Secretary's position is well taken. As the Court wrote in *Pennhurst*, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." 465 U.S. at 106. The district court's order granting the TRO appears only to construe the meaning of state law and does not link the issue of observers to any provision of federal law.

However, noting the time constraints under which it issued its decision, we will assume that the district court issued the TRO on the basis of federal law. Specifically, in their motion for a TRO, the Plaintiffs argued that Advisory 2008-24 violates Section 2 of the Voting Rights Act ("VRA").[1] Accordingly, we will assume that the district court granted the TRO on the basis of the federal-law claim under the VRA.

"The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion." *NEOCH*, 467 F.3d at 1009. In determining whether to stay the TRO, we consider "the same factors considered in determining whether to issue a TRO or preliminary injunction." *Id.* These factors are:

> (1) whether the movant has a strong liklihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay.

*Id.*

We conclude that it is unlikely that the Plaintiffs will succeed on the merits. As we explained above, we assume the district court granted the TRO on the basis of the Plaintiffs' claim under Section 2 of the VRA. Thus, we now turn to assessing the likelihood that the Plaintiffs will succeed on the merits of this VRA claim. Section 2 of the VRA provides that "no voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color . . . ." 42 U.S.C. § 1973(a). In essence, the Plaintiffs argue that Advisory 2008-24 violates the VRA because it incorrectly interprets state law so as to bar outside election observers during same-day registration and balloting activities. Because the observers authorized by state law would not be present, the Plaintiffs contend that the Advisory "increases the possibility that voters will suffer intimidation while attempting to exercise their franchise." Plaintiffs' Motion for TRO at 16.

---

[1]The Plaintiffs raised several other federal claims in that motion. But specific argument on these other federal claims was directed only at Directive 2008-63 and not at Advisory 2008-24.

Even assuming *arguendo* that Plaintiffs' interpretation of Ohio law is correct and that observers should be permitted, we believe that Plaintiffs have little likelihood of success on the merits of a VRA claim based on these allegations. We are aware of no case—and none was cited in the Plaintiffs' motion—in which a VRA claim has succeeded based on allegations that state-law-authorized observers were unlawfully excluded from a polling facility. Given the absence of any authority for a successful VRA claim based on facts similar to those alleged by the Plaintiffs, we conclude that this claim would have little likelihood of success on the merits. Because we believe this factor is dispositive, we need not address the other three factors for determining whether to grant a TRO or preliminary injunction. *See, e.g.*, *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir.), *cert. denied*, 534 U.S. 951 (2001).

Because we conclude that the district court abused its discretion in granting the TRO, we grant the Secretary's motion for a stay of the TRO.

## B. Plaintiffs' Motion for an Injunction

On cross-appeal, the Plaintiffs move this court for an injunction requiring the Secretary "to order the segregation of the absentee ballots cast by newly registered (and hence unverified) voters and verification of those voters' eligibility prior to counting their ballots, consistent with federal law." Response to Emergency Mot. at 4. The district court never ruled on this issue. Further, this motion raises factual issues concerning whether the absentee ballots cast by newly registered voters are properly handled by county boards of elections. According to the Secretary, "each county board of elections keeps the absentee ballots, once cast, under lock and key. Board employees—one member from each political party—then carefully check each ballot envelope before removing the ballot to ensure that the voter was properly registered and the ballot properly cast." Secretary's Response at 7-8. We believe that such factually-intensive issues are best presented, in the first instance, to the district court. Accordingly, we deny the Plaintiffs' emergency motion for an injunction.

## III. CONCLUSION

For the reasons stated above, we **GRANT** the Secretary's emergency motion to stay the district court's TRO and **DENY** the Plaintiffs' emergency motion for an injunction.

---

## CONCURRING IN PART, DISSENTING IN PART

---

GRIFFIN, Circuit Judge, concurring in part and dissenting in part. I would affirm the district court in regard to both appeals. Thus, I respectfully dissent from the decision by the majority to stay the temporary restraining order. Under the circumstances of this case, the district judge did not abuse his discretion by issuing the temporary restraining order. In deciding defendant's emergency request to stay the temporary restraining order, we consider the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Summit County Democratic Cent. & Exec. Comm., et al. v. Blackwell, et al.*, 388 F.3d 547, 550 (6th Cir. 2004). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Defendant Secretary of State seeks to enforce a directive that would authorize county boards of election to exclude election observers from the sites when simultaneous registration and absentee balloting is occurring. The temporary restraining order issued by the district court against this directive should remain in effect. Defendant has failed to establish irreparable injury by the presence of election observers; the public interest served by an exclusion; or the likelihood of success on the merits. *See* Help Americans Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15301, et seq. and U.S. CONST. amend. XIV.

As noted by Judge Smith in his order:

Moreover, there will be no harm to others if the temporary restraining order is issued. All individuals who seek to register to vote may still do so. Further, those who wish to request an absentee ballot and cast it may do so, and therefore the individual's right to vote has not been burdened in any way. However, if observers were not permitted, there would be tremendous risk of harm to the general public as voter fraud and intimidation are possible, leading to the undermining of voter confidence as a whole.

I would affirm and therefore respectfully dissent from that portion of the majority's order that stays the temporary restraining order.