Cite as 2026 Ark. 41

# SUPREME COURT OF ARKANSAS

No. CV–26–116

| | |
|---|---|
| BRYAN NORRIS ET AL. | **Opinion Delivered:** February 27, 2026 |
| APPELLANTS | APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. 32CV-26-55] |
| V. | |
| INDEPENDENCE COUNTY, ARKANSAS ET AL. | HONORABLE TIM WEAVER, JUDGE |
| APPELLEES | DISSENTING OPINION. |

**NICHOLAS J. BRONNI, Associate Justice**

This appeal presents a narrow jurisdictional question: Does the underlying case belong in circuit court or the court of appeals? But ultimately, this case is about how Independence County conducts elections. That makes it an election dispute, and just like any other election dispute, we should resolve it quickly—not months in the future. *See Dean v. Williams*, 339 Ark. 263, 264, 5 S.W.3d 37, 38 (1999) (discussing this court's "authority to expedite matters concerning elections" and concluding that we were "unaware of any reason why we should not proceed [quickly]"). And that's what I'd do here. I'd grant expedition; rely on the parties' expedited filings; and immediately resolve the narrow jurisdictional issue presented on this appeal. Anything less leaves the parties in limbo.

But the majority doesn't do that. Instead, it grants expedition and then sets a briefing schedule that ensures this appeal won't be resolved until well after any potential runoffs.

That doesn't make sense.  If the election warrants expedition, then we should resolve this appeal as quickly as possible—not set a schedule that guarantees we won't resolve it until well after the primary election cycle concludes.

Nor is it clear why the majority needs more filings or time to resolve the narrow jurisdictional issue presented on this appeal.  Federal courts routinely resolve similar disputes in hours—not months.  *See Bush v. Gore*, 531 U.S. 98 (2000) (elaborating on the quick timeline on which several decisions were made); *Respect Maine PAC v. McKee*, 622 F.3d 13, 14 (1st Cir. 2010) (issuing a decision the same day as argument); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 360 (6th Cir. 2008) (opinion just four days after plaintiffs filed underlying case); *Libertarian Party v. Dardenne*, 294 Fed. App'x 142, 144 (5th Cir. 2008) (issuing decision the day after a district court stayed its proceeding); *Democratic Nat'l Comm. v. Bostelmann*, 447 F. Supp. 3d 757, 761 (W.D. Wis. 2020) (issuing opinion same day); *Hoffman v. Sec'y of State of Maine*, 574 F. Supp. 2d 179, 182 (D. Me. 2008) (issuing decision the day after argument).  There's no reason we cannot do that here and resolve this appeal now.

I respectfully dissent.